## LAMBRECHT v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—ASSESSMENTS FOR BENEFITS—FRAUD.
   Courts will not disturb assessments for benefits accruing from widening of street, in absence of fraud or bad faith or following of plan incapable of producing reasonable equity.

2. SAME—"CORNER-INFLUENCE" PLAN.
   Where, in assessing property for benefits accruing from widening street, assessing officers followed so-called "corner-influence" plan, and applied it uniformly to all property in assessment district, court refuses to set aside assessments on plaintiffs' property on ground that said plan is inequitable, although plaintiffs may have been too highly assessed for corner influence.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted June 14, 1933. (Docket No. 92, Calendar No. 37,280.) Decided October 2, 1933. Rehearing denied December 6, 1933.

Bill by Richard G. Lambrecht and another, trustees under the will of William B. Morgan, deceased, against City of Detroit, a municipal corporation, and Charles L. Williams, City Treasurer, to set aside a ' special assessment for street widening purposes. Bill dismissed. Plaintiffs appeal. Affirmed.

*William M. Donnelly* and *William E. Tarsney,* for plaintiffs.

*Raymond J. Kelly,* Corporation Counsel, and *John H. Witherspoon,* Assistant Corporation Counsel, for defendants.

McDONALD, C. J. This suit was brought to set aside a special assessment on plaintiffs' land for benefits arising out of the widening of Bagley avenue in the city of Detroit, Michigan.

The plaintiffs own property on the southwesterly corner of Cass and Bagley avenues, described as lots 1, 2, and 3, having a depth of 100 feet on Bagley avenue and a width of 120 feet on Cass avenue. In the condemnation suit, all of lot 1, with a width of 40 feet on Cass avenue, was taken, and plaintiffs were awarded and paid $324,217.46. In subsequent proceedings for the assessment of benefits, the value of the benefits to plaintiffs' land was fixed at the sum of $51,954.48. The assessment was protested by plaintiffs, but the roll as made was adopted by the common council. The plaintiffs then brought this suit to have the assessment set aside on the theory that, in arriving at the benefits, the assessors

followed a plan incapable of producing reasonable equality and so inequitable as to amount to legal fraud. On the hearing the trial court declined to adopt the plaintiffs' theory, and entered a decree dismissing the bill. The plaintiffs have appealed.

It is stipulated that all of the procedural requirements of the city charter and statutes were followed in levying the assessment. The only question for our consideration is as to the validity of the plan adopted by the assessors in determining the benefits to the plaintiffs' property from the widening of the avenue.

In assessing city property, assessors consider what they term "corner influence." The theory is that the value of a lot is enhanced by its nearness to a street corner or intersection. In Detroit they have adopted a rule by which all property within 60 feet of a corner is placed in a corner influence zone. This plan of appraising values with slight variations as to the zone area is followed by assessing officers in cities throughout the United States. It is based upon the experience of assessors skilled in determining values of city land. There can be no objection to a plan so evolved and uniformly followed. But, as we understand the plaintiffs' contention, such a plan cannot always be justly applied; that it cannot be applied in assessing benefits in the instant case, where the property was on a corner before the widening; that following this plan in awarding compensation in the condemnation proceedings and again in the assessment of benefits, the owners of the property were twice charged with corner influence benefits which did not accrue from the widening of the avenue. We are not able to arrive at the conclusion reached by the plaintiffs. In awarding compensation for the taking of lot 1, the rule an-

nounced by this court in *Re Widening of Fulton
Street,* 248 Mich. 13 (64 A. L. R. 1507), was fol-
lowed. The value of the whole parcel owned by the
plaintiffs was determined, then the value of what
remained after lot 1 was taken, and the difference
was the compensation awarded. In determining
these values, a 60-foot corner influence was con-
sidered and valued at $45,000, of which $42,588 was
allocated to lot 1, and $2,412 to the north 20 feet
of lot 2. As lot 1 with a width of 40 feet was all
the land that was taken for the widening, the plain-
tiffs were paid $42,588 for corner influence, and, in
arriving at the value of what remained, $2,412 was
added as corner influence value to the north 20 feet
of lot 2. So the plaintiffs were paid for the corner
influence added to lot 1 and were charged with that
added to lot 2. In making the special assessment for
benefits, the assessors considered that 40 feet of
what remained of the plaintiffs' land had been
brought nearer to the corner and into the corner in-
fluence area by the widening, and therefore had been
benefited by an enhanced value. On this theory they
determined the corner influence value on lot 2 and
the north 20 feet of lot 3 and subtracted therefrom
the corner influence on the north 20 feet of lot 2
which had been charged to the plaintiffs in awarding
them compensation in the condemnation proceed-
ings. In view of these facts we are not able to agree
with the plaintiffs that they were twice charged with
corner influence values or that the plan followed by
the assessors operated inequitably. In *Marks* v.
*City of Detroit,* 246 Mich. 517, we held that courts
will not disturb such assessments in the absence of
"fraud or bad faith or the following of a plan in-
capable of producing reasonable equality." In the
present case no fraud or bad faith was shown or
claimed. The assessors were called as witnesses by

the plaintiffs. They testified that the plan they followed was approved and used by assessing officers in all cities throughout the United States, and that they applied it uniformly to all property in the assessment district. The plaintiffs may have been too highly assessed for corner influence, but with that we are not concerned. On this record the judgment cannot be disturbed.

The decree is affirmed, with costs to the defendants.

POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.