KNOB HILL TRUST v MERIDIAN TOWNSHIP

1. TAXATION—REAL ESTATE TAXES—TAX TRIBUNAL ACT—AMENDMENT
   OF PETITIONS—TOWNSHIP REVIEW BOARD—STATUTES.

   The Tax Tribunal, prior to the 1976 amendment of the Tax
   Tribunal Act, had the authority to permit the amendment of a
   taxpayer's petition to reduce its 1972 real property assessment
   so as to permit the tribunal to review the 1973, 1974 and 1975
   assessments on the same property where the taxpayer had
   protested the 1972 assessment to the applicable township board
   of review but failed to appear before the township board of
   review to challenge the assessments for the following three
   years (MCLA 205.737; MSA 7.650[37]).

2. APPEAL AND ERROR—TAXATION—TAX TRIBUNAL ACT—REAL ESTATE
   TAXES—AMENDMENT OF PETITIONS—STATUTES.

   The Tax Tribunal did not err in permitting the amendment of a
   taxpayer's petition to reduce its 1972 real property assessment
   to allow the tribunal to review the 1973, 1974 and 1975 assess-
   ments on the same property where: (1) the language of the Tax
   Tribunal Act prior to its 1976 amendment supports that inter-
   pretation, (2) the Tax Tribunal Act prior to its 1976 amend-
   ment did not explicitly require more than a single protest
   before a board of review to permit the operation of the joinder
   rule, (3) the tribunal's construction of the joinder rule prior to
   the 1976 amendment was not inconsistent with any provisions
   of the act, (4) the previous language of the act was ambiguous
   at best, and (5) a three-year freeze provision, formerly applica-
   ble to assessment appeals to the State Tax Commission, may
   have been the source of similar reliance by other taxpayers
   such as the petitioner (MCLA 211.152, 205.701 *et seq.;* MSA
   7.210, 7.650[1] *et seq.).*

3. APPEAL AND ERROR—STATUTES—CONSTRUCTION—ADMINISTRATIVE
   INTERPRETATION.

   An interpretation of an act by the agency charged with adminis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 72 Am Jur 2d, State and Local Taxation § 787.
[3] 2 Am Jur 2d, Administrative Law § 559.

tering it is entitled to be accorded appropriate weight by the Court of Appeals.

Appeal from Tax Tribunal. Submitted March 8, 1977, at Lansing. (Docket No. 28068.) Decided August 23, 1977.

Knob Hill Trust protested its tax year 1972 assessment to the Meridian Township Board of Review. The board affirmed the assessment. The trust then appealed to the State Tax Commission. The action was transferred to the Tax Tribunal, which allowed the trust to amend its petition to also challenge the 1973, 1974 and 1975 assessments upon the subject property. The Tax Tribunal ordered reductions in the township's assessments for the tax years 1972 through 1975. The township appeals. Affirmed.

*Parker, Buckley & Smith,* for plaintiff.

*Foster, Swift & Collins, P. C.* (by *David Vander-Haagen),* for defendant.

Before: Quinn, P. J., and Bronson and M. J. Kelly, JJ.

Per Curiam. A single issue is presented on this appeal: Whether the Tax Tribunal, prior to the 1976 amendment of the Tax Tribunal Act,[1] had the authority to permit amendment of the appellee taxpayer's petition to reduce a 1972 real property assessment so as to permit review by the tribunal of tax assessments for the years .1973, 1974, and 1975, where the taxpayer had protested the 1972 assessment to the applicable township board of review, but failed to appear before the township

───────────────

[1] 1976 PA 365.

board of review to challenge the assessments for the following three years.

This statement of the question presented sums up nearly all of the relevant facts. The appellee taxpayer protested its tax year 1972 assessment to the Meridian Township Board of Review and later began a timely action before the State Tax Commission to dispute the action of the board of review in affirming that assessment. The taxpayer did not appear before the board of review to challenge the tax assessments on the same property in tax years 1973–1975.

As petitioner's complaint concerning the 1972 assessment awaited hearing by the State Tax Commission, the Legislature enacted the Michigan Tax Tribunal Act. 1973 PA 186; MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.* The act went into effect on July 1, 1974. Subsequently, pursuant to § 71 of the act,[2] petitioner's action was transferred to the Michigan Tax Tribunal.

On June 23, 1975, the petitioner filed a motion with the tribunal to amend its petition to challenge the 1973, 1974, and 1975 assessments upon the subject property. The motion was opposed by the respondent township on the basis that the petitioner had failed to protest the assessments for those years before the township board of review.

On July 29, 1975, the tribunal granted petitioner's motion and ordered that review of the 1973–1975 assessments would be consolidated with the pending case. The tribunal cited § 37(2) of the Tax Tribunal Act, MCLA 205.737; MSA 7.650(37).

After a hearing on the petition as amended, the Tax Tribunal rendered a judgment on March 9, 1976, ordering reductions in the township's assessments of the subject property for each tax year

---

[2] MCLA 205.771; MSA 7.650(71).

1972 through 1975. The respondent township now appeals from this judgment, claiming that the Tax Tribunal did not have the authority to review the assessments for the years 1973–1975 in the absence of a challenge by petitioner of those assessments before the township board of review.

For future cases, the answer to the stated question has been made clear by 1976 PA 365, which amended § 37 of the act to read in relevant part as follows:

"If subsequent to the filing of the petition the taxpayer paid additional taxes as a result of the unlawful assessments on the same property, or if in subsequent years unlawful assessments were made against the same property, the taxpayer after protest before the board of review, may amend his petition prior to the time of trial to join all of his claims for lawful assessment determination and for refund by reason of payments based on the unlawful assessments." MCLA 205.737; MSA 7.650(37), as amended.

That section had previously read as follows:

"If subsequent to the filing of the petition the taxpayer has paid additional taxes as a result of the unlawful assessments on the same property, or if in subsequent years unlawful assessments have been made against the same property, the taxpayer may amend his petition prior to the time of trial to join all of his claims for lawful assessment determination and for refund by reason of payments based on such unlawful assessments." Former MCLA 205.737; MSA 7.650(37).

The Tax Tribunal relied on this language in permitting the Knob Hill Trust to amend its petition as indicated, and we affirm that action for the following reasons:

1. The language of § 37 of the act as it previously read supports that interpretation.

2. Section 35(2) of the act,[3] prior to its being amended by 1976 PA 365, provided the procedure for invoking the jurisdiction of the Tax Tribunal and was followed by the petitioner with respect to the 1972 assessments. That section did not explicitly require more than a single protest before a board of review in order to permit operation of the § 37 joinder rule.

3. The Tax Tribunal's construction of prior § 37 was not inconsistent with any provisions of the Tax Tribunal Act and, as the interpretation of the act by the agency charged with administering it, is entitled to be accorded appropriate weight by this Court. *Roosevelt Oil Co v Secretary of State,* 339 Mich 679; 64 NW2d 582 (1954), *Miller v Dunn Paper Co,* 47 Mich App 471; 209 NW2d 519 (1973).

4. The previous language of the act was ambiguous at best and could have been the source of taxpayer reliance resulting in failures to follow up initial protests and appeals with annual protests pending disposition of the initial appeal.

5. The so-called "three year freeze" provision found in MCLA 211.152; MSA 7.210,[4] formerly applicable to property tax assessment appeals to the State Tax Commission, may have been the source of similar reliance by taxpayers, such as the petitioner in this case, whose appeals were

---

[3] "(2) The jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which he seeks to review or within 30 days after the receipt of a bill for a tax he seeks to contest. The unit of government shall be named as respondent. Service of the petition on the respondent shall be by certified mail." MCLA 205.735(2); MSA 7.650(35)(2).

[4] "When the assessment of any property has been reviewed by the commission as herein authorized, such assessment shall not be changed for a period of 3 years without the written consent of the commission."

initially brought to the State Tax Commission and were later transferred to the Tax Tribunal.

6. In view of the backlog of cases which had developed before the State Tax Commission by 1974, § 37 of the act may well have been designed initially as a remedial provision to provide taxpayers with a means of attaining effective relief without undue procedural pitfalls by permitting review by the Tax Tribunal of all assessments on the same property up to the time of a foreseeably delayed hearing.[5] The Legislature in 1976 may well have decided that such a remedial provision would no longer be necessary in view of other steps taken at the same time to reduce that backlog and expedite appeals before the Tax Tribunal.[6]

We conclude that the Tax Tribunal properly permitted the amendment to petitioner's complaint and properly reviewed the assessments on petitioner's property for the years 1973–1975.

Affirmed. Costs to petitioner.

---

[5] Over 3,500 cases were transferred to the new Tax Tribunal from the State Tax Commission in 1974. After 1974, the Tax Tribunal's backlog of pending appeals has not dropped below 5,500. Figures taken from Report of the State Treasurer, July 1, 1976–September 30, 1976, Table 30.

[6] Two additional members were added to the Tax Tribunal. MCLA 205.721; MSA 7.650(21), as amended by 1976 PA 365. In addition, a new section was added to the act to provide for the appointment of hearing officers to hold hearings. MCLA 205.726; MSA 7.650(26).