THE WESTLAND GROUP v CITY OF WESTLAND

1. TAXATION—REAL PROPERTY—SPECIAL ASSESSMENT—FRAUD—BAD FAITH—BENEFIT TO TAXPAYER.

   A special tax assessment, as a general rule, should not be disturbed absent fraud or bad faith; however, a special assessment is improper absent benefit to a landowner's property.

2. TAXATION—REAL PROPERTY—SPECIAL ASSESSMENT—BENEFITS TO TAXPAYER—FRAUD—BAD FAITH—JUDGMENT—SUMMARY JUDGMENT—COURT RULES.

   A plaintiff taxpayer's allegation of no benefit received from improvements which were the basis for a special assessment on the taxpayer's property is the functional equivalent of alleging fraud or bad faith and states a cause of action; therefore, summary judgment in favor of the taxing authority was improper where the assessor's affidavit accompanying the defendant's motion for summary judgment did not set forth any facts showing that the plaintiff benefited from the improvements any more than the general public (GCR 1963, 117.2).

Appeal from Wayne, Richard D. Dunn, J. Submitted October 17, 1977, at Detroit. (Docket No. 77-841.) Decided December 8, 1977.

Complaint by The Westland Group against the City of Westland for a declaratory judgment that a special assessment for street improvements is void. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Gillian Steinhauer),* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 70 Am Jur 2d, Special and Local Assessments § 9.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

PER CURIAM. Plaintiff had summary judgment entered against it in a suit challenging a special street assessment, and appeals. We reverse and remand to the trial court.

Upon determining that it would improve one of its streets, defendant established a special assessment district and assessed the property owners therein 59.6 percent of the cost of improvements. Plaintiff, an owner of apartment buildings in the district, alleged in its complaint that the improvements were undertaken to relieve traffic problems on other streets, would increase traffic on the improved street and destroy its residential character. Because the improvements would not benefit the property owners of the district, the assessment was alleged to be unlawful.

After answering plaintiff's complaint, defendant moved for summary judgment on the ground that there was no substantial issue of material fact and that it was therefore entitled to judgment as a matter of law. GCR 1963, 117.2(3). The city assessor stated by affidavit, on personal knowledge, that the street had many holes and washouts, was only partially paved, that plaintiff had five curb cuts onto the street, and multiple dwelling units in the vicinity housed approximately 800 people. The improvements were to consist of curb, gutter and drainage structures, and concrete pavement.

Plaintiff filed objections to the motion, and in support thereof, plaintiff's attorney filed an affidavit, on belief, that plaintiff's property would not be benefited by the improvements, and that there were sufficient witnesses to support that allegation.

The trial court, finding no allegation of fraud or

* Circuit judge, sitting on the Court of Appeals by assignment.

bad faith on the part of defendant, granted summary judgment for failure to state a claim upon which relief could be granted. Thus summary judgment was not granted on the ground asserted by defendant, but rather under GCR 1963, 117.2(1).

The grant of summary judgment cannot be sustained on the rationale advanced by the trial court. It is true that an assessment should not be disturbed absent fraud or bad faith. *Marks v Detroit,* 246 Mich 517, 523; 224 NW 619 (1929). However, a special assessment is improper absent benefit to the landowner's property. MCLA 102.2; MSA 5.1807, *Johnson v Inkster,* 401 Mich 263; 258 NW2d 24 (1977), *Fluckey v Plymouth,* 358 Mich 447; 100 NW2d 486 (1960). Plaintiff's allegation of no benefit was the functional equivalent of alleging fraud or bad faith, and stated a cause of action.

The city assessor's affidavit set forth specific facts demonstrating that the street needed improvements. But the affidavit did not set forth any facts, only conclusions, showing that plaintiff benefited from such improvements any more than the general public. The determination of benefits to plaintiff is a question of fact, so that summary judgment was not proper under GCR 1963, 117.2(3), either.

Reversed and remanded for trial. Costs to plaintiff.