SISBARRO v CITY OF FENTON

Docket No. 78-1699. Submitted January 10, 1979, at Lansing.—Decided June 6, 1979. Leave to appeal applied for.

Louis and Patricia Sisbarro, John and Letha Dolza, H. O. Dexter, David and Ethel Davis, Lillie Green and Vernon Shuler commenced an action against the City of Fenton and the Treasurer of the City of Fenton in Genesee Circuit Court challenging a special assessment which the City of Fenton proposed to levy against the plaintiffs' properties to defray the costs of paving and installing curbs and gutters along a street abutting their properties. Accelerated judgment for the defendant was granted on the basis that the Tax Tribunal had exclusive jurisdiction. The plaintiffs then filed a petition with the Tax Tribunal. The Tax Tribunal dismissed the petition because it was not timely filed. Plaintiffs appeal. *Held:*

A provision in the Tax Tribunal Act sets out one time limit for invoking the Tribunal's jurisdiction for "assessment disputes" and another time limit for "all other matters". The term "assessment dispute" does not include special assessments. The plaintiffs did not file the petition within 30 days of the final decision of which they sought review, the time limitation for invoking the Tribunal's jurisdiction in "all other matters". The plaintiffs' petition was barred by their failure to timely file the petition.

Affirmed.

1. TAXATION — WORDS AND PHRASES — TAX TRIBUNAL — ASSESSMENT DISPUTES — TIME LIMITS — JURISDICTION — STATUTES.

The term "assessment dispute" as used in a provision of the Tax Tribunal Act which sets out the time limit for invoking the tribunal's jurisdiction in an "assessment dispute" does not comprehend disputes over special assessments but refers only to an assessment dispute as to the valuation of property or where an exemption is claimed (MCL 205.735[3]; MSA 7.650[35][3]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation § 598.
[2] 2 Am Jur 2d, Administrative Law § 656.

2. Statutes — Interpretation of Statutes — Administrative
Agencies — Tax Tribunal.
    The interpretation of a statute by the agency charged with
    administering it is entitled to respectful consideration; this
    deference has been accorded to the Tax Tribunal.

*Cline, Cline & Griffin,* for plaintiffs.

*Albert H. Callahan,* for defendants.

Before: V. J. Brennan, P.J., and M. F. Cav-
anagh and C. J. Hoehn,* JJ.

Per Curiam. Plaintiffs filed suit on January 17,
1978, in Genesee County Circuit Court to chal-
lenge a special assessment which the City of Fen-
ton proposed to levy against them to defray the
costs of paving and installing curbs and gutters on
State Street, which abuts their property. On Janu-
ary 23, 1978, defendants moved for accelerated
judgment on the basis that the Tax Tribunal had
exclusive jurisdiction, citing the recently decided
case of *Edros Corp v Port Huron,* 78 Mich App
273; 259 NW2d 456 (1977). The next day, plaintiffs
filed an appropriate petition with the Tax Tribu-
nal, incorporating by reference the allegations
made in the circuit court complaint. On February
21, 1978, defendants filed a motion urging the Tax
Tribunal to dismiss plaintiffs' petition on a num-
ber of grounds, including untimely filing. The
tribunal granted defendants' motion to dismiss in
an order entered April 27, 1978, stating that plain-
tiffs' petition "was not timely filed" under § 35(3)
of the Tax Tribunal Act, MCL 205.735(3); MSA
7.650(35)(3). Pursuant to MCL 205.753(2); MSA
7.650(53)(2), plaintiffs timely claimed an appeal of
right to this Court.

* Circuit judge, sitting on the Court of Appeals by assignment.

We first address plaintiffs' argument that the apposite section of the Tax Tribunal Act[1] is ambiguous. In § 35, the first sentence of subsection (3) sets out the time limit for invoking the tribunal's jurisdiction in an "assessment dispute". The second sentence of subsection (3) imposes a 30-day time limit for invoking the tribunal's jurisdiction by petition in "all other matters". Unless the

[1] Section 35 reads as follows:

"Sec. 35. (1) A proceeding before the tribunal shall be original and independent and shall be considered de novo. In the case of an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute, except that for the 1976 tax year only in a county whose state equalized valuation set by the state tax commission exceeds its assessed valuation and its equalized valuation set by the county board of commissioners for that year by at least 10%, a taxpayer may appeal directly to the tax tribunal.

"(2) The jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which he seeks to review or within 30 days after the receipt of a bill for a tax he seeks to contest. The unit of government shall be named as respondent. Service of the petition on the respondent shall be by certified mail.

"(3) Beginning January 1, 1977, the jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved. In all other matters the jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which the petitioner seeks to review. An appeal of a contested tax bill shall be made within 60 days after mailing by the assessment district treasurer and the appeal shall be limited solely to correcting arithmetic errors or mistakes and shall not be a basis of appeal as to disputes of valuation of the property, its exempt status, or the equalized value resulting from equalization thereof by the county board of commissioners or the state tax commission. Service of the petition on the respondent shall be by certified mail to the assessor of that governmental unit. Except for petitions filed under chapter 6, a copy of the petition shall also be sent to the secretary of the school board in the local school district in which the property is located and any county which may be affected.

"(4) The petition or answer may be amended at any time by leave of the tribunal and in compliance with its rules. If a tax was paid while the determination of the right thereto is pending before the tribunal, the taxpayer may amend his petition to seek refund of the tax."

reference to "assessment dispute" in the first sentence includes challenges to special assessments, plaintiffs' petition is barred by their failure to file within 30 days of the final decision which they seek to review, *i.e.,* the Fenton City Council's confirmation of the special assessment roll.

When § 35 of the act is read as a whole, it is clear that the term "assessment dispute" does not comprehend disputes over special assessments. The first sentence of subsection (3) can only refer to "an assessment dispute as to the valuation of the property or where an exemption is claimed", which is required by subsection (1) to be protested to the local board of review before the tribunal may acquire jurisdiction. Only with such a reading does the statutory deadline of "June 30 of the tax year involved" make sense. Property tax assessment rolls are prepared annually on or before the first Monday in March, MCL 211.24; MSA 7.24, and are reviewed during the ensuing month by local boards of review. MCL 211.30a; MSA 7.30(1). When the Tax Tribunal Act was first enacted by 1973 PA 186, the only provision setting time limits for invoking the tribunal's jurisdiction was subsection 35(2). But that provision created problems which led the Legislature to add the present subsection (3) by 1976 PA 365. A clear expression of the legislative intent underlying that addition is found in the Analysis of the 1976 Amendment to § 35 (Senate Bill 1631), prepared by the House Legislative Analysis Section and dated September 29, 1976:

"a) The law has caused problems for property taxpayers because the sentence regarding 'final decisions, rulings, determinations, or orders,' has been interpreted to mean those rulings made by the local boards of assessment review, which hear protests of property

valuation and complete their work by the first Monday in April. Thus, a person wishing to protest an assessment of property must first file a protest with the board of review and, failing to gain satisfaction, can carry an appeal to the Tax Tribunal within 30 days. But property owners are often satisfied with local assessment action, and let the time allowed for board-of-review protest (first Monday in March to the first Monday in April) go by. Often, however, county commissioners or the State Board of Equalization change assessment valuation by establishing equalization factors in order to have property taxes at the same rate throughout a district. Since county commissioners finish their equalization by the first Monday in May, and the Board of Equalization completes its work by the fourth Monday in May, any chance to appeal assessments to the Tribunal has long since passed. The property owner must therefore wait until receiving a tax bill before protesting to the Tribunal, either in July in places levying summer taxes, or in December."

Therefore, it is evident that the first sentence of subsection (3) was intended to give property owners approximately 30 days in which to challenge their assessments after final equalization. All other matters, including special assessments, continue to be governed by the 30-day limitation.

Additional support for this conclusion can be found in § 31(a) of the act, MCL 205.731(a); MSA 7.650(31)(a), which provides:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws."

The separate references to "assessment" and "special assessments" are further indication that a

challenge to a special assessment is not an "assessment dispute" within the meaning of § 35(3).

Finally, the courts of this state have repeatedly recognized that the interpretation of a statute by the agency charged with administering it is entitled to respectful consideration. See *Board of Education of Oakland Schools v Superintendent of Public Instruction,* 401 Mich 37, 41; 257 NW2d 73 (1977). That deference has been accorded to the Tax Tribunal. *Knob Hill Trust v Meridian Twp,* 77 Mich App 704, 708; 259 NW2d 198 (1977).

As an alternative basis for reinstatement of their petition, plaintiffs argue that it would be unfair to apply the decision in *Edros, supra,* to them because that case changed the law and required them to adhere to a 30-day deadline after the deadline had already passed. The faulty premise in this argument is that *Edros* changed the law. It did not. This Court's opinion in *Edros* merely restated what is evident from the plain language of the Tax Tribunal Act, namely, that the tribunal's jurisdiction must be invoked within the 30 days set forth in subsection (3). Plaintiffs failed to meet this requirement. We distinguish the anomalous decision of this Court in *The Westland Group v City of Westland,* 80 Mich App 296; 263 NW2d 45 (1977), upon which plaintiffs urge us to rely, by noting that nowhere in that appeal was the jurisdictional question ever raised.

Plaintiffs' final assertion that a provision in the City of Fenton Code of Ordinances misled them into filing this action initially in circuit court is equally unpersuasive. It is fundamental that any such ordinance provision could not prevail over the provisions of MCL 205.735(3); MSA 7.650(35)(3). See *Walsh v River Rouge,* 385 Mich 623, 640; 189

NW2d 318 (1971), and 17 Michigan Law & Practice, Municipal Corporations, § 27, pp 38-39.

Accordingly, the decisions of the court below and the Tax Tribunal are affirmed. No costs.