## ANDERSON v SELMA TOWNSHIP

Docket No. 43226. Submitted October 2, 1979, at Lansing.—Decided January 23, 1980. Leave to appeal denied, 408 Mich 946.

The township board of Selma Township, Wexford County, approved a special assessment roll in January, 1977, for certain public improvements. In January, 1978, Ester Anderson and other property owners who opposed the special assessments brought an action in Wexford Circuit Court, seeking injunctive relief. The action was dismissed for lack of jurisdiction. In June, 1978, the property owners petitioned the Tax Tribunal for relief from the special assessments placed against their property. The Tax Tribunal granted the township's motion for accelerated judgment, finding that the filing of the petition before the tribunal was not timely. The petitioners appeal. *Held:*

1. A petition for review of a special assessment is to be filed with the Tax Tribunal within 30 days of confirmation of the special assessment roll.

2. On the present record it cannot be concluded that the confirmation of the special assessment roll was valid with respect to the petitioners, as they have alleged that they never received notice of the hearings at which the roll was accepted by the township board. If they did not, in fact, receive such notice, they may challenge the assessments on their property.

Remanded for further findings as to the finality of the January, 1977, confirmation of the roll and as to the satisfaction of statutory notice requirements by the township.

DANHOF, C.J., dissented. He would hold that a remand to determine whether the statutory notice requirements were met is not necessary. The township is required only to mail notice of special assessment hearings to the affected property owners;

REFERENCES FOR POINTS IN HEADNOTES

[1] 70 Am Jur 2d, Special or Local Assessments § 154 *et seq.*
[2] 70 Am Jur 2d, Special or local Assessments § 133 *et seq.*
[3, 5] 70 Am Jur 2d, Special or Local Assessments § 146 *et seq.*
[4] 58 Am Jur 2d, Notice §§ 22, 27.
  70 Am Jur 2d, Special or Local Assessments § 149.

receipt of the notice is not required. Therefore, an allegation of nonreceipt of notice is not sufficient to avoid the limitation period for filing a petition for review. He would affirm.

OPINION OF THE COURT

1. TAXATION — SPECIAL ASSESSMENTS — TAX TRIBUNAL — ASSESSMENT DISPUTES — STATUTES.

A dispute regarding a special assessment is not an "assessment dispute" as that term is used in the statute governing the time for appeal of a matter to the Tax Tribunal; therefore, a petition for review of a special assessment roll must be filed within 30 days of the confirmation of the roll (MCL 205.735[3]; MSA 7.650[35][3]).

2. TAXATION — SPECIAL ASSESSMENTS — NOTICE OF HEARING — STATUTES.

Failure of a county clerk to give both personal notice and notice by publication of a hearing at which confirmation of a special assessment is to take place does not invalidate the entire assessment but will only affect the special assessment on property where the owners or party in interest in the property do not receive notice (MCL 41.724a, 41.726; MSA 5.2770[54a], 5.2770[56]).

3. TAXATION — SPECIAL ASSESSMENTS — NOTICE OF HEARING — RECEIPT OF NOTICE.

A property owner's claim that personal notice of a special assessment hearing was never received is sufficient to allow the owner to challenge the special assessment on his property before the Tax Tribunal.

DISSENT BY DANHOF, C.J.

4. TAXATION — SPECIAL ASSESSMENTS — NOTICE OF PROCEEDINGS — MAILING OF NOTICE — STATUTES.

*The duty of a township to give notice of special assessment proceedings to owners of property to be assessed is discharged upon the act of mailing notice pursuant to statute; the controlling statute does not require receipt of notice (MCL 41.724a; MSA 5.2770[54a]).*

5. TAXATION — SPECIAL ASSESSMENTS — NOTICE OF HEARING — RECEIPT OF NOTICE — STATUTES.

*An allegation of nonreceipt of notice of a special assessment hearing is not sufficient to avoid the statutory 30-day limitation period for petitioning the Tax Tribunal for review of a special*

assessment; a person wishing to challenge a duly confirmed
assessment must allege a failure to mail the notice to him
pursuant to statute (MCL 41.724a; MSA 5.2770[54a]).

*Brown & Winckler,* for petitioners.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper*
(by *Richard A. Wendt),* for respondent.

Before: DANHOF, C.J., and N. J. KAUFMAN and
D. C. RILEY, JJ.

D. C. RILEY, J. At a regular meeting held Decem-
ber 3, 1976, the Selma Township Board adopted a
resolution to authorize the construction of certain
public improvements. The board directed that a
special assessment district be established and or-
dered the township supervisor to prepare a special
assessment roll for the approved district. January
8, 1977, was set as the date when the township
board would meet to hear and consider any objec-
tion to the special assessment roll.

Zane A. Vogt, township clerk, alleges in an
affidavit that on December 27, 1976, pursuant to
the board's directive and MCL 41.724a; MSA
5.2770(54a), MCL 41.726; MSA 5.2770(56), he
mailed notice of the meeting to each owner of or
interested party in property to be assessed, whose
name appeared on the township's last tax assess-
ment record. He also published a notice in a local
newspaper on December 20 and 27, 1976. Despite
these efforts, however, members of the Sewer As-
sessment Protesters of Selma, plaintiffs herein,
state by affidavit that they never received any
personal notice.

Following a public hearing on January 8, 1977,
the township board unanimously approved the
special assessment roll. Plaintiffs allege that the

roll was continuously altered throughout the year. On October 7, 1977, the board met at a regularly scheduled township meeting and again unanimously accepted the sewer assessment roll. The following month, the board met and voted to take the current sewer assessment procedure under advisement. On December 2, 1977, the board voted to confirm the assessment procedure. Plaintiffs allege that no notice of this meeting was ever given.

On January 6, 1978, the property owners brought suit in the Wexford County Circuit Court, seeking injunctive relief. The circuit court dismissed, for lack of subject matter jurisdiction, pursuant to MCL 205.731; MSA 7.650(31).

On June 30, 1978, plaintiffs petitioned the Michigan Tax Tribunal for relief. The tribunal granted defendant's motion for accelerated judgment, finding that plaintiffs had failed timely to file a petition before the tribunal pursuant to MCL 205.735(3); MSA 7.650(35)(3), MCL 41.726; MSA 5.2770(56). Plaintiffs appeal this order.

As of July 1, 1974, the Michigan Tax Tribunal has original and exclusive jurisdiction to review a special assessment determination, MCL 205.731(a); MSA 7.650(31)(a). The pertinent statute governing the time for appeal states:

"(3) Beginning January 1, 1977, the jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved. In all other matters the jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which the petitioner seeks to review." MCL 205.735(3); MSA 7.650(35)(3).

In the instant case, the Michigan Tax Tribunal concluded that the plaintiffs' claim was barred as untimely filed. To decide if this ruling was correct, it must be determined whether a special assessment roll qualifies as "an assessment dispute" subject to the June 30 filing deadline or whether it falls within the 30-day rule. This issue has been recently resolved by this Court in *Sisbarro v City of Fenton,* 90 Mich App 675, 679-680; 282 NW2d 443 (1979), wherein it was held that special assessments are subject to the 30-day rule.

Assuming that the Selma Township Board validly confirmed the special assessment on January 8, 1977, plaintiffs have failed to file a timely appeal. Plaintiffs did not attempt to invoke the jurisdiction of the tribunal until June 30, 1978, well beyond the 30-day period.

However, based on the record, we are unable to conclude that the January 8, 1977, confirmation was valid with respect to the plaintiffs. In order to have a legitimate ratification, the county clerk is required to give both personal notice and notice by publication of the special assessment hearing at which the confirmation will take place. Failure to do so will not invalidate the entire assessment, but will only affect the assessment on property where the owners or interested party did not receive notice. MCL 41.724a; MSA 5.2770(54a), MCL 41.726; MSA 5.2770(56).[1]

---

[1] MCL 41.724a; MSA 5.2770(54a) reads in part as follows:

"Sec. 4a. (1) Where special assessments are made against property, notice of hearings in the special assessment proceedings shall be given as provided in this section in addition to any notice of the hearings to be given by publication or posting as required elsewhere in this act.

"(2) Notice of hearings in special assessment proceedings shall be given to each owner of, or party in interest in property to be assessed, whose name appears upon the last township tax assessment records, by mailing by first class mail addressed to the owner or party at the address shown on the tax records, at least 10 days before the date of

In the present case, plaintiffs' claim that they never received personal notice of the special assessment hearing, if believed, is sufficient to challenge their individual assessments. The township clerk states by way of affidavit that such notice was mailed. The Michigan Tax Tribunal's order did not resolve this dispute, nor did it indicate whether the issue of notice had even been considered. Further, there was no discussion on whether confirmation actually occurred on January 8, 1977, or whether, due to subsequent alteration, ratification did not take place until a later meeting for which notification may never have been given.

In the absence of a ruling on the validity of the January 8, 1977, confirmation, we are unable to

the hearing. The last township tax assessment records means the last assessment roll for ad valorem tax purposes which was reviewed by the township board of review, as supplemented by any subsequent changes in the names or addresses of the owners or parties listed thereon.

"(3) Where a person claims an interest in real property whose name and correct address do not appear upon the last township tax assessment records, he shall be obligated to file immediately the name and address with the township supervisor. This requirement shall be deemed effective only for the purpose of establishing a record of the names and addresses of those persons entitled to notice of hearings in special assessment proceedings. It shall be the duty of the supervisor to immediately enter on the tax assessment records any changes in the names and addresses of owners or parties in interest filed with him and at all times to keep the tax assessment records current and complete and available for public inspection.

"(4) A township officer whose duty is to give notice of hearings in special assessment proceedings may rely upon the last township tax assessment records in giving notice of hearing by mail. The method of giving notice by mail as provided in this section is declared to be the method that is reasonably certain to inform those to be assessed of the special assessment proceedings.

"(5) Failure to give notice as required in this section shall not invalidate an entire assessment roll but only the assessment on property affected by the lack of notice. A special assessment shall not be declared invalid as to any property if the owner or the party in interest thereof actually received notice, waived notice, or paid any part of the assessment. If an assessment is declared void by court decree or judgment, a reassessment against the property may be made."

conclude whether the statute of limitations has been met. We remand this case to the Michigan Tax Tribunal for a more particularized explanation as to the finality of the January 8, 1977, confirmation and the satisfaction of statutory notice requirements.

If the special assessment was validly confirmed in 1977, then the jurisdiction of the tribunal was not timely invoked. If it was never so confirmed, then the plaintiffs have 30 days after the special assessment roll is approved to appeal the special assessments levied against their properties.

Remanded for further proceedings consistent with this opinion.

We retain no further jurisdiction.

No costs, a public issue being involved.

N. J. KAUFMAN, J., concurred.

DANHOF, C.J. *(dissenting)*. I cannot agree with the majority that a remand is necessary to determine whether the statutory notice requirements were met. I believe that the majority misreads the notice requirements when it holds that plaintiffs' allegation of "no personal notice" is sufficient to challenge their individual assessments.

MCL 41.726; MSA 5.2770(56) provides for notice by publication (which is not in issue here) and for the notice required by MCL 41.724a; MSA 5.2770(54a). The latter section provides:

"Notice of hearings in special assessment proceedings shall be given to each owner of, or party in interest in property to be assessed, whose name appears upon the last township tax assessment records, *by mailing by first class mail* addressed to the owner or party at the address shown on the tax records, at least 10 days before the date of the hearing." (Emphasis added.)

I believe that the township's duty of giving notice under this section is discharged upon the act of *mailing* notice. This section does not require *receipt* of the notice.

The receipt requirement read into the statute by the majority would place an impossible burden upon an assessing township: no special assessment could ever be final unless a township could prove that each affected individual *received* "personal notice". Under today's holding an individual need only allege that notice was not received in order to escape the statute of limitations and challenge a duly confirmed assessment. In order to ensure finality, a township would have to have each affected person "personally" served with notice and a sworn return available for proof. This result could not have been contemplated when the Legislature required notice "by mailing by first class mail * * *".

A conclusion that only mailing is required is supported by MCL 41.724a(4); MSA 5.2770(54a)(4). It states, in part: "The method of *giving notice by mail* as provided in this section is declared to be the method that is reasonably certain to inform those to be assessed of the special assessment proceedings." (Emphasis added.)

Subsection (5) is also consistent with this reading: "Failure to *give* notice as required in this section shall not invalidate an entire assessment roll but only the assessment on property affected by the lack of notice." (Emphasis added.) The giving of notice as required in this section is, again, mailing by first class mail.

Therefore, I conclude that an allegation of no receipt is not a sufficient challenge; an individual must allege a failure to meet the statutory requirements, *i.e.,* a failure to *mail* notice to him.

Plaintiffs do not state a claim sufficient to challenge the validity of the confirmation: They admit in paragraph 8 of their petition to the Tax Tribunal that notice of the January 8, 1977, public meeting was published in a local newspaper and *mailed by first class mail.* Further, defendant has submitted the affidavit of its clerk to the effect that such notice was duly mailed and published. Since plaintiffs' claim of "no receipt" is insufficient to challenge the statutory notice requirements of the confirmation, their petition, filed some 17 months after the confirmation, was not timely.

I would affirm the Tax Tribunal's order granting defendant accelerated judgment.