*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH R. KOMARNICKI,

       Petitioner-Appellant,

v

KENOCKEE TOWNSHIP,

       Respondent-Appellee.

UNPUBLISHED
March 5, 2019

No. 341402
Tax Tribunal
LC No. 2017-000069

Before: SWARTZLE, P.J., and MARKEY and RONAYNE-KRAUSE, JJ.

PER CURIAM.

In this tax assessment dispute involving an underlying "notice" issue, petitioner appeals by right the order of the Michigan Tax Tribunal (MTT) dismissing his petition for lack of jurisdiction. Respondent, Kenockee Township (the township), has not participated in this appeal. Because the MTT lacked jurisdiction in the case and has no equitable powers and petitioner does not raise any constitutional due process arguments, we are compelled to affirm.

We begin with a brief overview of the applicable law. MCL 205.735a(3) provides that "[e]xcept as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the [MTT] acquires jurisdiction of the dispute under subsection (6)." Accordingly, absent an exception in MCL 205.735a or under the law, a property owner seeking to challenge the valuation or assessment of his or her property must first pursue a protest before a board of review. Otherwise, the property owner will not be able to trigger the jurisdiction of the MTT relative to the challenge. MCL 205.735a(6) provides, in part, that "[t]he jurisdiction of the [MTT] in an *assessment dispute* as to . . . residential real property . . . is invoked by a party in interest, as petitioner, filing a written petition on or before July 31 of the tax year involved." (Emphasis added.) Thus, in an assessment dispute, a petition must be filed on or before July 31 of the relevant tax year to invoke the MTT's jurisdiction. But "[i]n all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination." MCL 205.735a(6). When MCL 205.735a(3) and (6) are read together, the path to the MTT's jurisdiction over an

assessment dispute becomes clear. It requires (1) a protest to the local board of review followed by (2) the filing of a petition with the MTT on or before July 31 of the tax year involved.

Here, petitioner purchased the improved real property for $31,000 in 2008 and subsequently made a number of repairs to the property, which he characterized as normal maintenance. In March 2016, petitioner received a notice of assessment from the township reflecting a taxable value of his property of $11,011 for tax year 2016, with an assessed and state equalized value of $39,600. Subsequently, on March 8, 2016, at an organizational meeting of the township's board of review (BOR), the BOR revised the notice of assessment for petitioner's property and increased the taxable value of the property to $33,220 for tax year 2016. The BOR made the revision on the basis of alleged new construction on the property that was undertaken without required permits. Evidence was presented indicating that the revised notice of assessment was served on petitioner by first class mail sent on March 9, 2016. Petitioner, however, averred in his affidavit that he never received the revised notice of assessment. Petitioner claimed that he first learned and had notice of the revised taxable value of $33,220 when he received his 2016 summer tax bill in July 2016.

In late July 2016, petitioner's counsel sent the township a letter requesting a decrease in the property's taxable value back to the $11,011 as stated in the original notice of assessment. Petitioner asserted in the letter that no events had occurred that would have allowed the uncapping of the property tax. Not until December 2016 did the township respond, mailing a letter to petitioner's counsel which stated that the BOR had "corrected" the taxable value in March 2016 because petitioner had made improvements to the property without having procured the necessary permits. The township contended in the letter that the previous taxable value had been based on the property's being in a state of disrepair, but it had since been discovered that the property had been repaired and was being rented. The township also informed petitioner that he could appeal the revised taxable value at the December 2016 BOR meeting and then, if necessary, appeal the matter to the MTT.

During the December 2016 meeting, the BOR upheld its March 2016 revision of the property's taxable value. Petitioner appealed the BOR's assessment decision to the MTT where his petition was first addressed by a hearing referee who issued a recommended opinion and judgment. The referee found that the BOR had no authority to revisit the March 2016 revised tax assessment in December 2016 because no appeal to the MTT had been filed by July 31, 2016. For the same reason, the referee further determined that the MTT had no authority to review the BOR's revision of the tax assessment. The referee had concluded that petitioner received notice of the revised tax assessment as indicated in his affidavit.[1]

---

[1] It appears to us that the referee viewed the 2016 summer tax bill received by petitioner in July 2016 as the notice of the revised taxable value, thereby giving petitioner until July 31, 2016, to file a petition with the MTT, which was not pursued at that time. Apparently, the referee did not take into consideration that petitioner had to first pursue a protest with the BOR pursuant to MCL 205.735a(3). We do note that although the MTT later concluded that the referee had found

The petitioner filed exceptions to the referee's recommended opinion and judgment. Addressing the exceptions, the MTT first determined that the referee erred in finding on the basis of petitioner's affidavit that petitioner received the March 2016 revised notice of assessment, given that petitioner's affidavit made no such concession. As noted above, we question whether the MTT accurately characterized the referee's finding. The MTT next ruled that despite the referee's error, the referee properly recommended dismissal. The MTT determined that petitioner was not required to file an appeal with the MTT by July 31, 2016, considering that petitioner lacked notice of the revised notice of assessment. But according to the MTT, petitioner was "required to file his appeal within 35 days of his first notification, pursuant to MCL 205.735a." We are befuddled by this determination because as indicated above, the 35-day appeal period in MCL 205.735a(6) applies to matters other than assessment disputes, and this case undoubtedly presents an assessment dispute. The MTT, while recognizing that petitioner protested to the BOR in December 2016 on the township's advice, concluded that it had no equitable powers to accept the untimely appeal even if petitioner were provided misinformation.

The MTT "has exclusive and original jurisdiction over . . . [a] proceeding for direct review of a final decision . . . relating to [an] assessment [or] valuation . . . under the property tax laws of this state." MCL 205.731(a). An appeal of an MTT decision is by right to this Court. MCL 205.753(1); MCR 7.203(A)(2). With respect to our standard of review, the Michigan Supreme Court in *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012), observed:

> Review of decisions by the Tax Tribunal is limited. In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation. The Tax Tribunal's factual findings are final if they are supported by competent, material, and substantial evidence on the whole record. If the facts are not disputed and fraud is not alleged, our review is limited to whether the Tax Tribunal made an error of law or adopted a wrong principle. [Citations and quotation marks omitted.]

The interpretation and application of tax statutes are legal issues subject to de novo review. *Danse Corp v City of Madison Hts*, 466 Mich 175, 178; 644 NW2d 721 (2002). Similarly, whether the MTT has jurisdiction is a question of law subject to de novo review. *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566; 792 NW2d 1 (2010). We must, of course, be vigilant in respecting the limits of jurisdiction. *Id.*

As we stated at the outset, MCL 205.735a(3) and (6) must be read together. To invoke the MTT's jurisdiction over an assessment dispute one must (1) file a protest to the local board of review, then, if the protest is unsuccessful, (2) file a petition with the MTT on or before July 31 of the tax year involved. Further, the authority of the MTT is limited by statute, and it does not have equitable powers, e.g., the MTT cannot grant a request for a delayed appeal. *Electronic*

---

that petitioner received notice of the revised assessment from the township by mail in March 2016, we question that interpretation of the referee's finding.

*Data Sys Corp v Twp of Flint*, 253 Mich App 538, 547-548; 656 NW2d 215 (2002). Assuming that petitioner did not receive the revised notice of assessment in March 2016 and first became aware of the assessment revision in his 2016 summer tax bill in July 2016, we agree it would have been impossible for petitioner to timely protest the revised assessment to the BOR and then file an appeal with the MTT before July 31, 2016. Moreover, although we understand and fully appreciate petitioner's predicament, the fact is petitioner's appellate arguments simply do not escape the requirement of MCL 205.735a(6) which requires the "filing [of] a written petition on or before July 31 of the tax year involved" in the context of a tax assessment dispute. Additionally, the MTT has no equitable powers to obviate this statutory mandate.

Petitioner's only potential avenue for relief would be one grounded in constitutional due process principles. See *Elba v Gratiot Co Drain Comm'r*, 493 Mich 265, 284; 831 NW2d 204 (2013) (equity can excuse jurisdictional defects if there has been a violation of a constitutional right). We presume failure to provide adequate notice would likely be a violation of constitutional magnitude. See, e.g., *Marks v City of Detroit*, 246 Mich 517, 520-521; 224 NW 619 (1929); *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 9-10; 732 NW2d 458 (2007). Although the MTT lacks the authority to entertain a constitutional claim, *Meadowbrook Village Assoc v Auburn Hills*, 226 Mich App 594, 596; 574 NW2d 924 (1997), a plaintiff may pursue a constitutional challenge in the circuit court. See *In re Petition by Wayne County Treasurer*, 478 Mich at 9-10. Because petitioner did not do so here, and because petitioner presents no constitutional argument to this Court, we are limited in the relief we can provide in the instant appeal. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Petitioner maintains that the township improperly uncapped the property's taxable value. This argument goes to the substantive issue regarding the appropriateness of the assessment, an issue the MTT never reached in light of the jurisdictional ruling; consequently, we cannot entertain the argument. Petitioner next contends that the MTT erred by basing its decision on the 35-day provision in MCL 205.735a(6). As discussed earlier, we agree that the MTT erred in this regard considering that the case entailed an assessment dispute. Nevertheless, petitioner does not overcome the effect of the July 31 deadline set forth in MCL 205.735a(6). Petitioner proceeds to discuss the interplay between MCL 205.735a(3) and (6), construing it consistently with our analysis above and reaching the same conclusion that it would have been impossible to comply with a BOR-protest requirement and still meet the July 31 filing deadline.[2] Petitioner fails, however, to present an argument in support of a legal theory that would allow the MTT to hear the assessment dispute despite the conundrum. Accordingly, we must affirm the MTT's ruling.

We affirm. We decline to award taxable costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause

---

[2] Again, we are operating under the assumption that notice of the revised assessment was not provided or received in March 2016.