VANDE BUNTE v CITY OF LANSING

Docket No. 74062. Submitted November 19, 1984, at Lansing.—Decided January 2, 1985.

Plaintiff, James E. Vande Bunte, owned properties in the City of Lansing. In 1982 he was sent a series of notices and citations for violations of the city's uniform housing code. The citations stated that plaintiff had seven days in which to correct the violations. If he failed to do so, the city would hire a contractor to correct the violations. The contractor's expenses, plus a city service charge of $130, would then be charged to plaintiff as an assessment against his property. The plaintiff failed to correct the violations and the city took the actions described. Plaintiff filed a class-action complaint against the city in the Ingham Circuit Court. Count I alleged that the city violated its own ordinances by issuing citations without a hearing or right to appeal, thus denying plaintiff due process of law. Count II alleged damages to the named class of similarly situated persons exceeded $10,000. The court, Robert Holmes Bell, J., granted accelerated judgment for the city, holding that the Tax Tribunal had exclusive jurisdiction over property assessment matters. Plaintiff appealed. *Held:*

The circuit court, not the Tax Tribunal, has jurisdiction to hear cases contesting assessments authorized by the Public Health Code for correcting or removing a public health hazard on private property at the owner's expense.

Reversed and remanded.

1. MOTIONS AND ORDERS — ACCELERATED JUDGMENT.

A motion for accelerated judgment does not test the merits of the complaint; it seeks to avoid the claim by interposing a defense which bars a right to affirmative relief (GCR 1963, 116).

2. MOTIONS AND ORDERS — ACCELERATED JUDGMENT.

A court must accept as true all well-pleaded facts of the nonmoving party in ruling on a motion for accelerated judgment.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61A Am Jur 2d, Pleading §§ 226, 230 *et seq.*
[3] 72 Am Jur 2d, State and Local Taxation § 787.

3. Taxation — Jurisdiction — Tax Tribunal — Circuit Courts.

　The circuit court, not the Tax Tribunal, has jurisdiction to hear cases contesting assessments authorized by the Public Health Code for correcting or removing a public health hazard on private property at the owner's expense (MCL 333.2455[3]; MSA 14.15[2455]).

*Paul C. Pratt,* for plaintiff.

*Stephen R. Sawyer,* Corporation Counsel, for defendant.

Before: J. H. Gillis, P.J., and Cynar and C. L. Bosman,* JJ.

Cynar, J. Plaintiff filed a class-action suit against the City of Lansing on August 6, 1982. The circuit court granted accelerated judgment to the defendant City of Lansing because the circuit court lacked jurisdiction. Plaintiff appeals to this Court as of right.

Plaintiff owns residential properties in the City of Lansing. In 1982 he was sent a series of notices and citations for violations of the city's uniform housing code. The citations stated that plaintiff had seven days in which to correct the violations. If he failed to do so, the city would hire a contractor to correct the violations. The contractor's expenses, plus a city service charge of $130, would then be charged to plaintiff as an assessment against his property. The plaintiff failed to correct the violations and the city took the actions described above.

Plaintiff filed a class-action complaint on August 6, 1982. Count I alleged that the city violated its own ordinances by issuing citations without a hearing or right to appeal, thus denying plaintiff due process of law. Count II alleged damages to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the named class of similarly situated persons exceeded $10,000.

The city brought a motion for accelerated judgment and argued that the case fell within the exclusive subject matter jurisdiction of the Michigan Tax Tribunal. MCL 205.731; MSA 7.650(31). The trial court agreed and granted accelerated judgment pursuant to GCR 1963, 116.2(2).

A motion for accelerated judgment does not test the merits of the complaint; it seeks to avoid the claim by interposing a defense which bars a right to affirmative relief. *San Joaquin County, California v Dewey,* 105 Mich App 122, 131; 306 NW2d 418 (1981). In deciding a motion for accelerated judgment the court must accept as true all well-pled facts of the nonmoving party. *Rinaldi v Rinaldi,* 122 Mich App 391, 396; 333 NW2d 61 (1983).

The assessment in this case was authorized by the Public Health Code, MCL 333.2455; MSA 14.15(2455). Section 2455(1) provides that a local health department may issue an order to correct or remove a public health hazard at the property owner's expense. Section 2455(2) provides that, if the owner does not comply with the order, the local health department may have the hazard removed and the owner must pay the expenses. Section 2455(3) provides:

"If the owner of the premises refuses on demand to pay expenses incurred, the sums paid shall be assessed against the property and shall be collected and treated in the same manner as taxes assessed under the general laws of this state. An occupant or other person who caused or permitted the violation, nuisance, unsanitary condition, or cause of illness to exist is liable to the owner of the premises for the amount paid by the owner or assessed against the property which amount shall be recoverable in an action."

The question here is whether the Tax Tribunal had exclusive jurisdiction over the subject matter of this controversy. Jurisdiction of the Tax Tribunal is defined by MCL 205.731; MSA 7.650(31). In *Wikman v City of Novi,* 413 Mich 617, 626; 322 NW2d 103 (1982), the Michigan Supreme Court stated:

"We hold that the Tax Tribunal Act, MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.,* grants the Tax Tribunal exclusive jurisdiction over this proceeding seeking direct review of the governmental unit's decision concerning a special assessment for a public improvement."

However, the Court also noted that some special assessments are not within the jurisdiction of the Tax Tribunal:

"In contrast to these special assessments which are levied under the taxing power, some special assessments are clearly not related to property taxes. Such special assessments are exacted through the state's police power as part of the government's efforts to protect society's health and welfare * * *. Also, special assessments may be collected in connection with a regulatory program to defray the cost of such regulation * * *. Such assessments are not ones under the property tax laws and are not within the jurisdiction of the Tax Tribunal." (Citations omitted.) 413 Mich 635-636.

The assessments involved here are not special assessments within the usual meaning of the term. Special assessments are generally pecuniary exactions made by the government for special purposes or local improvements, apportioned according to the benefits received. *Wikman, supra,* p 633; *In re Petition of Auditor General,* 226 Mich 170; 197 NW 552 (1924); *Detroit v Weil,* 180 Mich 593, 599; 147 NW 550 (1914). The assessments at issue are

assessments levied pursuant to the police powers of the municipality. Therefore, they are not special assessments within the usual meaning of the term.

We conclude that these assessments here do not fall under the property tax laws; the assessments are traditional exercises of the city's police powers. The Michigan Supreme Court's holding on the jurisdictional limits of the Tax Tribunal applies to this case. The exception stated in *Wikman, supra,* pp 635-636, controls here. Furthermore, the Tax Tribunal's expertise, as noted in *Wikman, supra,* and *Romulus City Treasurer v Wayne County Drain Comm'r,* 413 Mich 728, 737-739; 322 NW2d 152 (1982), is more properly applied to questions of tax law; the Public Health Code does not fall within the area of the Tax Tribunal's expertise. The jurisdiction of the Tax Tribunal does not extend to assessments levied pursuant to MCL 333.2455; MSA 14.15(2455). *Cf., Romulus, supra; Henshaw v State Tax Comm (On Remand),* 126 Mich App 806; 338 NW2d 224 (1983), *lv den* 419 Mich 874 (1984), *app dis* — US —; 105 S Ct 58; 83 L Ed 2d 9 (1984). The circuit court had jurisdiction to hear plaintiff's complaint. Accelerated judgment was improperly granted.

Reversed and remanded.