BEATTIE v EAST CHINA CHARTER TOWNSHIP

Docket No. 81091. Submitted June 4, 1986, at Lansing. Decided January 5, 1987. Leave to appeal applied for.

Plaintiffs, Robert and Janice Beattie, John and Mary Berg, and others, individually and as representatives of a class including all property owners and taxpayers within East China Charter Township, brought a class action in the St. Clair Circuit Court challenging a decision of the East China Charter Township Board of Review to grant the Michigan Public Power Agency a property tax exemption created under the Michigan Energy Employment Act. Plaintiffs sought injunctive relief, mandamus and damages. Named as defendants were the township, its supervisor, the board of review, Detroit Edison Company and MPPA. Prior to filing the circuit court action, plaintiffs filed a petition with the Michigan Tax Tribunal essentially asserting the same challenges to the property tax exemption granted MPPA by the Board of Review. The circuit court, James T. Corden, J., determined that it had subject matter jurisdiction to hear the controversy to the extent that it involved an analysis of the agreements entered into between MPPA and Edison, as governed by the Michigan Energy Employment Act. The court further concluded that plaintiffs had invoked the court's equitable jurisdiction and that plaintiffs had standing as a class to pursue this taxpayer's action. MPPA appealed by leave granted from the order to that effect.

The Court of Appeals *held:*

1. Taxes levied or, as in this case, exemptions created under the state's police powers do not fall within the jurisdiction of the Tax Tribunal. Jurisdiction over this action lies with the circuit court. On remand the trial court will have to determine whether the agreement between the MPPA and Detroit Edison complies with the Michigan Energy Employment Act and is

REFERENCES

Am Jur 2d, Actions §§ 46 *et seq.*

Am Jur 2d, State and Local Taxation §§ 307 *et seq.;* 787.

Standing of one taxpayer to complain of underassessment or nonassessment of property of another for state and local taxation. 9 ALR4th 428.

thus intended by the Legislature to trigger the property tax exemption of MCL 460.813; MSA 22.189(13).

2. The trial court properly determined that plaintiffs have standing to pursue this action.

3. Defendants may move to dismiss the Tax Tribunal action on the authority of the Court of Appeals opinion.

Affirmed and remanded.

1. TAXATION — TAX TRIBUNAL — JURISDICTION — POLICE POWERS.

The Michigan Tax Tribunal has exclusive jurisdiction in matters arising under the property tax laws of Michigan; taxes levied or exemptions created under the state's police powers do not fall within the realm of property tax laws and are thus not within the jurisdiction of the Tax Tribunal (MCL 205.731; MSA 7.650[31]).

2. TAXATION — ENERGY EMPLOYMENT ACT — POLICE POWERS — TAX TRIBUNAL.

The Michigan Energy Employment Act was enacted pursuant to the state's police powers in an attempt to promote the citizenry's welfare with regard to energy production and use; the property tax exemption created under § 13 of the act does not constitute a property tax law and thus does not fall within the original exclusive jurisdiction of the Tax Tribunal (MCL 205.731, 460.801 *et seq.;* MSA 7.650[31], 22.189[1] *et seq.*).

3. ACTIONS — PARTIES — STANDING.

A plaintiff may be determined to have standing to pursue an action challenging a decision to grant a property tax exemption created under the Michigan Energy Employment Act where the plaintiff has a sufficient interest in the outcome of the case to ensure the plaintiff's sincere and vigorous representation of the issues involved (MCL 460.801 *et seq.;* MSA 22.189[1] *et seq.*).

*Thrun, Maatsch & Nordberg, P.C.* (by *Patrick J. Berardo, Gordon W. VanWieren, David J. Riewald* and *Stephen C. June*), for plaintiffs.

*Zick & Swegles, P.C.* (by *Keith D. Zick*), for East China Charter Township, John J. Kralick, Supervisor, and East China Charter Township Board of Review.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Judson M. Werbelow, Joseph A. Fink* and

*John M. Lichtenberg*), for Michigan Public Power Agency.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

M. J. KELLY, P.J. This is a taxpayers' class action challenging a decision of the East China Charter Township Board of Review to grant defendant Michigan Public Power Agency a property tax exemption created under the Michigan Energy Employment Act MCL 460.801 *et seq.;* MSA 22.189(1) *et seq.* The sole issues before us today are whether the circuit court has subject matter jurisdiction to entertain this controversy and whether plaintiffs have standing to present it.

MPPA is a statutory agency created under the act and is comprised of eighteen cities and villages: Bay City, Charlevoix, Croswell, Grand Haven, Harbor Springs, Hart, Holland, Lansing, Lowell, Niles, Petoskey, Portland, St. Louis, Traverse City and Zeeland, and the Villages of Chelsea, Paw Paw and Sebewaing. On January 17, 1983, MPPA entered into the Belle River Participation Agreement with defendant Detroit Edison, a public utility, whereby MPPA was to purchase from Edison a 37.22 percent undivided interest in the Belle River coal-fueled electric generating plant located partially in East China Charter Township, St. Clair County. The agreements further granted MPPA an undivided interest in ancillary facilities necessary to operate MPPA's share of the Belle River facility.[1]

Relying on § 13 of the Michigan Energy Employment Act, the East China Charter Township Board

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See *Eby v Lansing Board of Water & Light,* 417 Mich 297, 299-300; 336 NW2d 205 (1983), for additional details regarding the agreements entered into between MPPA and Detroit Edison as well as other public utilities.

of Review granted MPPA an exemption from general property taxes and removed its 37.22 percent interest in the Belle River property from the assessment rolls. According to plaintiffs, MPPA's 37.22 percent interest in the Belle River facilities represents a true cash value of $21,000,000, and ten percent of the total equalized value of property located in East China Charter Township. Plaintiffs are individual property owners in East China Charter Township or St. Clair County. We note that East China Charter Township is not a member of MPPA nor, presumably, a beneficiary of the joint venture between Edison and MPPA. Motivated by what they logically feared would be a decrease in local services or an increase in property taxes given such a significant reduction in the local tax base, plaintiffs filed this class action for injunctive relief, mandamus and damages on July 16, 1984, in the St. Clair Circuit Court.

In their complaint, plaintiffs set forth seven separate counts. Underlying each and every count is the allegation that the electricity produced at the Belle River plant will not be needed by MPPA until 1991. According to the Belle River Participation Agreement, Edison is required to purchase all electricity produced by MPPA's share of the facilities and not needed by MPPA, in what plaintiffs refer to as "a mandatory lease back" agreement. In their first four counts, plaintiffs claim that MPPA's interest in the Belle River facilities should not be exempt from property taxation under MCL 460.813; MSA 22.189(13) because, according to the terms of the participation agreement, (1) Edison enjoys complete use of the plant facilities until 1991, (2) Edison wholly controls, possesses and occupies the property until 1991, and (3) the exempt property is not being used for the purpose intended by the Legislature in creating this partic-

ular tax exemption. Plaintiffs also allege a count of misrepresentation and constructive fraud against Detroit Edison and a count of misrepresentation against MPPA. In their seventh count, plaintiffs assert a general equitable claim of unjust enrichment.

Just prior to filing this circuit court action, plaintiffs had filed a petition with the Michigan Tax Tribunal, essentially asserting the same challenges to the property tax exemption granted MPPA by the defendant board of review. As of the date of appellate oral argument in this case, the tribunal action was pending before another panel of this Court regarding a procedural, filing fee issue.

Defendants responded to plaintiffs' circuit court complaint with an answer and affirmative defenses, asserting (1) that the circuit court was without subject matter jurisdiction because exclusive jurisdiction over property tax matters is vested in the Michigan Tax Tribunal, (2) that plaintiffs' action is barred by plaintiffs' prior tribunal action involving the same parties and the same issues, and (3) that plaintiffs have no standing to challenge the township's actions regarding other property owners.

On August 3, 1984, a hearing was conducted on plaintiffs' motion for an order to show cause why a writ of mandamus should not issue to defendant John Kralik, supervisor of East China Charter Township. By final order entered October 29, 1984, the circuit court determined that it had subject matter jurisdiction to hear this controversy to the extent that it involved an analysis of the agreements entered into between MPPA and Edison, as governed by the Michigan Energy Employment Act. The court further concluded that plaintiffs had invoked the court's equitable jurisdiction and that plaintiffs had standing as a class to pursue

this taxpayers' action. The relevant class has not yet been certified since defendant MPPA immediately filed an application for leave to appeal from the trial court's decision finding circuit court jurisdiction. This Court granted leave to appeal and we now affirm the decision of the trial court and remand for further proceedings.

Defendant MPPA's primary position both at trial and on appeal is that plaintiffs are in fact seeking judicial review of a property tax assessment (or exemption) and must thus first proceed before the Michigan Tax Tribunal which has exclusive and original jurisdiction over these matters. At the same time, however, defendants admit that plaintiffs do not have standing to pursue their claim in the Tax Tribunal because they are not the owners of the property in question. Defendants ultimately conclude that plaintiffs are without a forum in which to pursue their claim.

Neither plaintiffs nor the trial court deny the exclusivity of the Michigan Tax Tribunal's jurisdiction in matters arising under the property tax laws of this state. MCL 205.731; MSA 7.650(31) expressly provides:

> The tribunal's exclusive and original jurisdiction shall be:
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
> (b) A proceeding for refund or redetermination of a tax under the property tax laws.

As correctly pointed out by defendant, any doubt as to the original and exclusive jurisdiction of the tribunal in matters relating to property taxes has been laid to rest by the Supreme Court's opinions

in *Wikman v Novi,* 413 Mich 617; 322 NW2d 103 (1982), and *Romulus City Treasurer v Wayne Co Drain Comm'r,* 413 Mich 728; 322 NW2d 152 (1982).

Contrary to defendant's perception , however, we do not agree that the dispositive issue in this case is whether the Tax Tribunal's jurisdiction is exclusive and original. Rather, the critical inquiry is whether the subject matter of this controversy is one that in fact arises under the property tax laws of this state. In *Wikman v Novi, supra,* the Michigan Supreme Court made the distinction between assessments levied under the government's taxing powers and those levied under the government's police powers. Taxes levied (or exemptions created),[2] under the state's police powers do not fall within the realm of property tax laws and are thus not within the jurisdiction of the Tax Tribunal:

> In contrast to these special assessments which are levied under the taxing power, some special assessments are clearly not related to property taxes. Such special assessments are exacted through the state's police power as part of the government's efforts to protect society's health and welfare. Also, special assessments may be collected in connection with a regulatory program to defray the cost of such regulation. Such assessments are not ones under the property tax laws and are not within the jurisdiction of the Tax Tribunal. [413 Mich at 635-636. Citations omitted.]

This Court made the same distinction in *Vande Bunte v Lansing,* 140 Mich App 60; 362 NW2d 889 (1985), where the plaintiff challenged the city's

---

[2] Although most of the cases discussing the tribunal's exclusive jurisdiction relate to assessments, we conclude that the same jurisdictional principles apply where the controversy relates to an exemption rather than an assessment, such as involved in the instant case. The parties do not contend otherwise on appeal.

assessment of costs incurred by the city in correcting housing code violations discovered on residential properties owned by plaintiff. Plaintiff filed a class action lawsuit in circuit court, to which the city responded with a motion for accelerated judgment on the ground that exclusive jurisdiction rested with the Tax Tribunal. Defendant's motion was granted and plaintiff appealed. We observed that the city's assessment was levied under the Public Health Code, particularly MCL 333.2455; MSA 14.15(2455), and was thus an assessment made pursuant to the city's police powers and within the jurisdiction of the circuit court:

> We conclude that these assessments here do not fall under the property tax laws; the assessments are traditional exercises of the city's police powers. The Michigan Supreme Court's holding on the jurisdictional limits of the Tax Tribunal applies to this case. The exception stated in *Wikman, supra,* pp ·635-636, controls here. Furthermore, the Tax Tribunal's expertise, as noted in *Wikman, supra,* and *Romulus City Treasurer v Wayne County Drain Comm'r,* 413 Mich 728, 737-739; 322 NW2d 152 (1982), is more properly applied to questions of tax law; the Public Health Code does not fall within the area of the Tax Tribunal's expertise. The jurisdiction of the Tax Tribunal does not extend to assessments levied pursuant to MCL 333.2455; MSA 14.15(2455). [140 Mich App 64.]

We are persuaded that a similar analysis applies in the instant case.

The underlying issue here is whether the property tax exemption created under § 13 of the Michigan Energy Employment Act was intended by the Legislature to apply where the joint venture agreement negotiated under the act allows the utility full possession, control and use of the facilities in

its production of energy.[3] It is readily apparent that this case involves interpretation of the energy act, and not a tax statute. The state's police powers are invoked where legislation is enacted for the purpose of protecting society's health and welfare. *Wikman v Novi, supra,* p, 635. Since the Michigan Energy Employment Act was enacted in an attempt to promote the citizenry's welfare with regard to energy production and use, the property tax exemption created under § 13 of that act does not constitute a property tax law and thus does not fall within the original exclusive jurisdiction of the Tax Tribunal. Jurisdiction thus lies with the circuit court.[4]

In concluding that it had subject matter jurisdiction to hear this case, the trial court did not expressly distinguish between tax controversies which arise under taxing or police powers of the state but it is clear that the trial court's reasoning was based on this critical distinction. The court first indicated in its written opinion that it would "not reach or decide the underlying controversy over the taxable status of the subject property herein involved," which we interpret to mean that

[3] Given the procedural posture of this case, we do not address the merits of plaintiffs' arguments. Whether the agreement allows Edison full possession, control and use of the facilities without incurring any tax liability is a matter to be determined by the trial court on remand. We further note that, in their complaint, plaintiffs suggest that MPPA is exempt from property taxation under MCL 460.813; MSA 22.189(13), Detroit Edison should be liable for a lessee-user tax authorized under MCL 211.181(1); MSA 7.7(5)(1). See *Detroit v National Exposition Co,* 142 Mich App 539, 543-545; 370 NW2d 397 (1985). If the circuit court after remand determines that MCL 460.813; MSA 22.189(13) does not exempt the public utility in a joint venture from the lessee-user tax to the extent that the exempt property is used by that utility, it may so declare and East China Charter Township may take whatever action it deems appropriate. However, the actual assessment of a lessee-user tax upon Detroit Edison is not within the jurisdiction of the circuit court.

[4] We note that plaintiffs do not challenge the constitutionality of MCL 460.813; MSA 22.189(13), but, rather, defendants' application of that statute to the circumstances presented here.

the trial court did not intend to rule on MPPA's property tax liabiity or on Detroit Edison's lessee-user tax liability. Instead, the trial court properly viewed the controversy before it as one involving the terms and conditions of the Belle River Participation Agreement as governed by the Michigan Energy Employment Act. The trial court will have to determine whether the agreement between MPPA and Edison complies with the act and is thus intended by the Legislature to trigger the property tax exemption of MCL 460.813; MSA 22.189(13). This is not a question that should be reserved for a quasi-judicial administrative body with special expertise in the areas of real estate appraisal and valuation, assessments and accounting. *Wikman v Novi, supra,* p 629.

In addition to challenging the subject matter jurisdiction of the trial court in this case, defendants alternatively contend that plaintiffs have no standing to pursue this action because their interest in the outcome is tenuous at best. The trial court concluded otherwise and found that plaintiffs had traditional taxpayer standing. We agree with the trial court. Plaintiffs have alleged that their property taxes will increase by 10 percent or that they will experience a reduction equivalent to 10 percent in local services that would have been financed through the property tax. We are persuaded that plaintiffs have a sufficient interest in the outcome of this case to ensure their sincere and vigorous representation of the issues involved. See *Menendez v Detroit,* 337 Mich 476, 482; 60 NW2d 319 (1953), and *Grosse Ile Committee for Legal Taxation v Grosse Ile Twp,* 129 Mich App 477, 487-488; 342 NW2d 582 (1983), lv den 419 Mich 870 (1984).

Finally, although plaintiffs now have pending in the Tax Tribunal another action against the same

defendants involving the same claims, we decline to reverse the trial court's denial of accelerated judgment on this basis. Apparently, plaintiffs proceeded with complaints in both forums in order to hedge against an adverse determination as to their rights to proceed in the correct forum. Since we have held that the Tax Tribunal is without jurisdiction to consider the defendants' interpretation and application of the Michigan Energy Employment Act, the tribunal action pending between these parties should not require automatic dismissal of this case. Instead, defendants may now move to dismiss the Tax Tribunal action on the authority of this opinion.

Affirmed and remanded for further proceedings.