2010] KASBERG V YPSILANTI TWP 563

KASBERG v YPSILANTI TOWNSHIP

Docket No. 287682. Submitted December 2, 2009, at Grand Rapids. Decided March 16, 2010, at 9:15 a.m.

Joseph Kasberg, an officer of National Church Residences of Win Ypsilanti, MI (National), a nonprofit housing concern, and National brought an appeal in the Michigan Tax Tribunal, alleging that Ypsilanti Township wrongfully denied a property tax exemption known as a "payment in lieu of taxes" (PILOT) pursuant to the State Housing Development Authority (SHDA) Act. MCL 125.1415a. The Tax Tribunal granted summary disposition in favor of the township and dismissed the case on the ground that the Tax Tribunal lacked jurisdiction over the matter because the claimed exemption is a creature of the state's police power under the State Housing Development Authority Act, MCL 125.1401 *et seq.*, not the General Property Tax Act, MCL 211.1 *et seq.* Kasberg and National appealed.

The Court of Appeals *held*:

1. The Tax Tribunal has exclusive and original jurisdiction over any proceeding for direct review of a final decision relating to assessment under the property tax laws of this state. The case involves an assessment imposed under the property tax laws of Michigan. The assessment at issue was imposed under the property tax laws in the sense that the township's power to impose the tax was granted by the property tax laws. The Tax Tribunal has exclusive and original jurisdiction.

2. The Tax Tribunal has exclusive and original jurisdiction as to the imposition of taxes by agencies operating under the authority of the property tax laws. There is no "except" clause for cases where other laws might limit that authority or exempt taxpayers from tax liability. The Tax Tribunal's jurisdiction under MCL 205.731(a) and (b) is not limited to cases where provisions of the property tax laws are to be exclusively or primarily interpreted. The order of the Tax Tribunal must be reversed and the case must be remanded to the Tax Tribunal for further proceedings.

Reversed and remanded.

MARKEY, P.J., dissenting, stated that because the appellants' sole basis for relief was a claim to an exemption that did not arise

under the property tax laws of this state the order of the Tax Tribunal should be affirmed. The Tax Tribunal could not grant an exemption that the Legislature has entrusted to the SADA to grant. The Tax Tribunal does not have the authority to grant Kasberg a PILOT exemption that has not been certified for Kasberg by the SHDA. In addition, the Tax Tribunal may not ignore the appellants' failure to comply with the statutory requirement that a certificate of exemption be filed with the local assessing officer before November 1 of the year preceding the tax year in which the exemption is to begin. MCL 125.1415a(1). The Tax Tribunal lacked jurisdiction over the underlying claim to an exemption under a nontax statute. A matter that does not arise under the property tax laws of this state cannot be within the jurisdiction of the Tax Tribunal under MCL 205.731(a) and (b). The present claim to an exemption under MCL 125.1415a stems from the state's police powers, not its property tax laws.

TAXATION — TAX TRIBUNAL — JURISDICTION.

The Tax Tribunal has exclusive and original jurisdiction over any proceeding for the direct review of a final decision relating to an assessment under the property tax laws of this state; such jurisdiction is not limited to cases where provisions of the property tax laws are to be exclusively or primarily interpreted; the Tax Tribunal has exclusive and original jurisdiction as to the imposition of taxes by agencies operating under the authority of the property tax laws, including cases where other laws might limit that authority or exempt taxpayers from tax liability (MCL 205.731[a] and [b]).

*Honigman Miller Schwartz and Cohn LLP* (by *Michael B. Shapiro* and *Daniel L. Stanley*) for Joseph Kasberg and National Church Residences of Win Ypsilanti, MI.

*McLain & Winters* (by *Wm. Douglas Winters* and *Angela B. King*) for Ypsilanti Township.

Before: MARKEY, P.J., and BANDSTRA and MURRAY, JJ.

BANDSTRA, J. Appellants, the National Church Residences of Win Ypsilanti, MI (National), a nonprofit housing concern, and one of its officers, Joseph Kas-

berg, appeal as of right the August 29, 2008, order of the Michigan Tax Tribunal (MTT) dismissing an appeal of appellee Ypsilanti Township's tax assessment of certain real property. Appellants assert that appellee wrongfully determined the property was not exempt from taxation under MCL 125.1415a. The hearing officer granted appellee's motion for summary disposition pursuant to MCR 2.116(C)(4) on the ground that the MTT lacked jurisdiction because the claimed exemption is a creature of the state's police power under the State Housing Development Authority Act, MCL 125.1401 *et seq.*, not of the General Property Tax Act, MCL 211.1 *et seq.* We reverse.

Appellants filed this appeal with the MTT, arguing appellee wrongfully denied a property tax exemption known as a "payment in lieu of taxes" (PILOT) pursuant to the State Housing Development Authority (SHDA) Act. MCL 125.1415a.[1] Appellants assert that National is "a non-profit charitable corporation, which makes it PILOT eligible." Appellee moved in the MTT for summary disposition pursuant to MCR 2.116(C)(4)

---

[1]     If a housing project owned by a nonprofit housing corporation, consumer housing cooperative, limited dividend housing corporation, mobile home park corporation, or mobile home park association is financed with a federally-aided or authority-aided mortgage or advance or grant from the authority, then, except as provided in this section, the housing project is exempt from all ad valorem property taxes imposed by this state or by any political subdivision, public body, or taxing district in which the project is located. The owner of a housing project eligible for the exemption shall file with the local assessing officer a notification of the exemption, which shall be in an affidavit form as provided by the authority. The completed affidavit form first shall be submitted to the [SHDA] for certification by the [SHDA] that the project is eligible for the exemption. The owner then shall file the certified notification of the exemption with the local assessing officer before November 1 of the year preceding the tax year in which the exemption is to begin. [MCL 125.1415a(1).]

on the ground that the MTT lacked jurisdiction and asserting that the PILOT exemption is a creature of the state's police power, not of the General Property Tax Act, MCL 211.1 *et seq*. The hearing officer agreed with appellee, so he granted summary disposition and dismissed the case.

Whether the MTT has jurisdiction[2] is a question of law that we review de novo. *W A Foote Mem Hosp v Dep't of Pub Health*, 210 Mich App 516, 522; 534 NW2d 206 (1995). We note that a court must be vigilant in respecting the limits of its jurisdiction. *Fox v Univ of Mich Bd of Regents*, 375 Mich 238, 242; 134 NW2d 146 (1965). This is because any actions of a court regarding a matter over which it lacks jurisdiction are void. *Id*.

The Legislature has granted the MTT "exclusive and original jurisdiction" over certain proceedings, including the following:

> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, *under the property tax laws of this state*.
>
> (b) A proceeding for a refund or redetermination of a tax levied *under the property tax laws of this state*. [MCL 205.731(a) and (b) (emphases added).]

In other words, the MTT has "exclusive and original jurisdiction" over any "proceeding for direct review of a final decision . . . relating to assessment . . . under the

___

[2] This is the only issue before us. We note that much of our dissenting colleague's discussion has to do with the merits of appellant's arguments, not with the jurisdiction of the MTT to review the appeal. We express no opinion whether appellants were entitled to and should have been granted certification of exemption from taxation under the PILOT program by SHDA nor the merits of appellants' MTT appeal in light of the absence of such PILOT certification.

property tax laws of this state." MCL 205.731(a). Obviously, this case involves an assessment imposed under the property tax laws of Michigan and, applying the straightforward statutory language, the MTT has exclusive and original jurisdiction.

Arguing otherwise, appellee relies on dictum from *Wikman v City of Novi*, 413 Mich 617; 322 NW2d 103 (1982), as well as *Beattie v East China Charter Twp*, 157 Mich App 27; 403 NW2d 490 (1987). *Wikman* actually determined that the MTT *had* jurisdiction over the matter at issue, special assessments imposed for a road paving project in the city of Novi. *Wikman*, 413 Mich at 626, 630-631. The Court reasoned that, because the city was granted power and authority to levy the special assessments by the Legislature through the property tax laws, the MTT had jurisdiction to review them. *Id.* at 636. The dispositive question under *Wikman* is whether the assessment at issue here was imposed "under the property tax laws" in the sense that appellee's power to impose the tax was granted by the property tax laws. That is clearly the case, and, therefore, the MTT has jurisdiction.

Further, we note that the *Wikman* Court contrasted the case before it and those involving "special assessments [that] are clearly not related to property taxes" like assessments "exacted through the state's police power as part of the government's efforts to protect society's health and welfare" or "special assessments . . . collected in connection with a regulatory program to defray the cost of such regulation . . . ." *Id.* at 635. The assessment at issue here was imposed under the property tax laws, not some other authority; it is not within the category of cases declared to be outside the jurisdictional rule established by *Wikman*.

While noting that *Beattie* is not binding upon us, MCR 7.215(J), appellee nonetheless argues that its

reasoning is persuasive. Appellee reads *Beattie* as meaning that, even though a tax assessment has been imposed under the authority of the property tax laws, the MTT is divested of jurisdiction if the propriety of that imposition depends on the availability of an exemption created by some other law, like the SHDA Act here.

As appellants point out, however, this *Beattie* reasoning cannot prevail over either *Wikman* or the clear and unambiguous language of the statute. The statute does not limit the MTT's jurisdiction to cases where provisions of the property tax laws are to be exclusively or primarily interpreted. Instead, as *Wikman* concluded, the MTT has exclusive and original jurisdiction as to the imposition of taxes by agencies operating under the authority of the property tax laws. There is no "except" clause for cases where other laws might limit that authority or exempt taxpayers from tax liability. See *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 111; 777 NW2d 108 (2009) ("The Tax Tribunal has jurisdiction under MCL 205.731(a) to determine whether a taxpayer is entitled to a property tax exemption because the determination relates to an assessment."); MCL 205.735a(3) (The MTT has jurisdiction regarding the "exemption of property" from an assessment as long as a protest has been filed before the Board of Review.) As this panel has recently noted, the MTT has been granted exclusive jurisdiction to decide all sorts of statutory and constitutional questions that might impact the propriety of taxation imposed under the authority of the property tax laws. *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151; 782 NW2d 806 (2010).

We reverse and remand for further proceedings in the MTT. No costs should be taxed, a public question being at issue. We do not retain jurisdiction.

MURRAY, J., concurred.

MARKEY, P.J. (*dissenting*). I respectfully dissent. While appellants appealed a property tax assessment "under the property tax laws of this state," their sole basis for relief was a claim to an exemption that did not arise "under the property tax laws of this state." Consequently, I would affirm. The Tax Tribunal could not grant an exemption that the Legislature has plainly entrusted to the State Housing Development Authority (SHDA) to grant. MCL 125.1415a. Moreover, even if the Tax Tribunal has jurisdiction, I would still affirm because appellant National Church Residences of Win Ypsilanti, MI (National), did not obtain its certified § 1415a exemption until 2007, the tax year at issue. National could not have complied with § 1415a by filing its exemption "with the local assessing officer before November 1 of the year *preceding* the tax year in which the exemption is to begin." *Id.* (emphasis added).

Petitioner, Joseph Kasberg, originally filed this appeal with the Tax Tribunal asserting that respondent wrongfully denied a property tax exemption known as a "payment in lieu of taxes" (PILOT) pursuant to MCL 125.1415a. Petitioner asserted that National is "a nonprofit charitable corporation, which makes it PILOT eligible." The materials filed with this appeal indicate that in late 2006, National acquired the subject property from an entity that had for many years been certified by the SHDA as PILOT eligible. After closing, the SHDA processed and granted National PILOT certification in early 2007. Respondent assessed National for property taxes for the 2007 tax year because National had not complied with the provisions of MCL 125.1415a. Respondent moved in the Tax Tribunal for summary disposition pursuant to MCR 2.116(C)(4), on the ground that the Tax Tribunal lacked jurisdiction,

asserting that the PILOT exemption is a creature of the state's police power, not of the General Property Tax Act, MCL 211.1 *et seq.* The hearing officer agreed with respondent and dismissed the appeal.

Whether the Tax Tribunal has jurisdiction is a question of law subject to review de novo. *W A Foote Mem Hosp v Dep't of Pub Health*, 210 Mich App 516, 522; 534 NW2d 206 (1995). "[A] court is continually obliged to question sua sponte its own jurisdiction over a person, the subject matter of an action, or the limits of the relief it may afford . . . ." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002). This is so because any actions of a court regarding a matter over which it lacks jurisdiction are void. *Fox v Univ of Mich Bd of Regents*, 375 Mich 238, 242; 134 NW2d 146 (1965).

The Legislature has granted the Tax Tribunal "exclusive and original jurisdiction" over certain proceedings, including the following:

> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, *under the property tax laws of this state.*
>
> (b) A proceeding for a refund or redetermination of a tax levied *under the property tax laws of this state.* [MCL 205.731(a) and (b) (emphasis added).]

In *Wikman v City of Novi*, 413 Mich 617, 635-636; 322 NW2d 103 (1982), our Supreme Court held that some special assessments that are "exacted through the state's police power as part of the government's efforts to protect society's health and welfare," or that "may be collected in connection with a regulatory program to defray the cost of such regulation . . . are not ones under the property tax laws and are not within the jurisdiction

of the Tax Tribunal." This Court has applied the reasoning of the *Wikman* Court in determining that the Tax Tribunal lacked jurisdiction regarding a tax exemption granted under the authority of the Michigan Energy Employment Act, MCL 460.801 *et seq*. See *Beattie v East China Charter Twp*, 157 Mich App 27, 35; 403 NW2d 490 (1987).

I find *Beattie*, decided before the operative date of the conflict rule, MCR 7.215(J)(1), and therefore not binding on this Court, persuasive. Appellants' petition calls for interpretation of part of the State Housing Development Authority Act, MCL 125.1401 *et seq*., not any part of the General Property Tax Act, MCL 211.1 *et seq*. I would hold that the Tax Tribunal properly concluded that it did not have jurisdiction to determine whether petitioner qualified for the exemption or to grant relief on the basis of an interpretation of MCL 125.1415a.

The majority holds that because appellants frame this appeal as one seeking review of an assessment of property under the general property tax laws of this state, this case falls within the plainly expressed exclusive jurisdiction of the Tax Tribunal. MCL 205.731(a) and (b). But when examining the question of jurisdiction, " 'this Court will look beyond a plaintiff's choice of labels to the true nature of the plaintiff's claim.' " *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 155; 782 NW2d 806 (2010), quoting *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539 (1998). A court's jurisdiction " 'is the power to hear and determine a cause or matter.' " *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992), quoting *Langdon v Wayne Circuit Judges*, 76 Mich 358, 367; 43 NW 310 (1889). "A court has subject-matter jurisdiction to hear a case if the law has given the court the power to grant the

rights requested by the parties." *Cipri v Bellingham Frozen Foods, Inc*, 213 Mich App 32, 39; 539 NW2d 526 (1995).

Here, the relief petitioner sought from the Tax Tribunal was a determination that National was exempt from property taxation for the 2007 tax year under MCL 125.1415a; such relief cannot be granted "under the property tax laws of this state" as that phrase is used in MCL 205.731(a) and (b). Further, the Legislature has plainly vested the power to certify whether a property owner is eligible for a PILOT exemption with the SHDA: "The owner of a housing project eligible for the exemption shall file with the local assessing officer a notification of the exemption, which shall be in *an affidavit form as provided by the authority*. The completed affidavit form first shall be submitted to the authority *for certification by the authority that the project is eligible for the exemption*." MCL 125.1415a(1) (emphasis added). Consequently, the Tax Tribunal does not have the authority to grant petitioner a PILOT exemption when the SHDA has not certified one for petitioner. Moreover, the Tax Tribunal may not ignore the requirement of the statute that a certificate of exemption be filed "with the local assessing officer before November 1 of the year *preceding* the tax year in which the exemption is to begin." MCL 125.1415a(1) (emphasis added). Because appellants underlying claim is to an exemption under a nontax statute, I conclude that the Tax Tribunal lacked jurisdiction to determine petitioner's claim to the exemption or to grant the relief petitioner sought.

As noted already, my conclusion is supported by our Supreme Court's decision in *Wikman*. The majority diminishes *Wikman* by referring to its discussion of the meaning of the phrase "under the property tax

laws of this state" as dicta. Statements contained in an opinion that pertain to law not essential to a determination of the case are dicta and do not have the force of an adjudication. See *Reynolds v Bureau of State Lottery*, 240 Mich App 84, 95; 610 NW2d 597 (2000). But the *Wikman* Court's discussion of the meaning of "under the property tax laws of this state" *was* essential to its opinion and differentiated its conclusion from that of the dissent. See *Wikman*, 413 Mich at 633-636, 638-640 (COLEMAN, C.J.); *id.* at 655 (LEVIN, J., dissenting). Indeed, the *Wikman* Court held that the phrase "under the property tax laws of this state" modified the words "special assessment" in the jurisdictional grant of MCL 205.731. *Wikman*, 413 Mich at 633. While noting that some special assessments do not arise from the property tax laws, the ones at issue "levied against property owners for public improvements to realty which especially benefit their property are special assessments under the property tax laws for the purposes of the Tax Tribunal Act." *Id.* at 636. Hence, the Court held that MCL 205.731 granted the Tax Tribunal exclusive jurisdiction over direct review of a municipal special assessment for a public improvement. *Id.* at 626. The clear lesson of the *Wikman* decision is that a matter that *does not arise* "under the property tax laws of this state" cannot be within the jurisdiction of the Tax Tribunal under MCL 205.731(a) and (b). *Wikman*, 413 Mich at 635-636.

I also find *In re Petition of the Wayne Co Treasurer for Foreclosure*, 286 Mich App 108; 777 NW2d 507 (2009), inapposite. That case held that whether the petitioner was entitled to a tax exemption under the General Property Tax Act, specifically, MCL 211.7s, regarding houses of public worship, was a factual determination within the exclusive jurisdiction of the Tax Tribunal. But, as discussed earlier in this opinion, appellants' claimed exemption here flows from the State Housing

Development Authority Act, MCL 125.1401 *et seq.*, not the General Property Tax Act.

The Legislature declared that it enacted the State Housing Development Authority Act to address myriad concerns, including the need for "safe and sanitary dwelling accommodations within the financial means of low income or moderate income families or persons," and that "the existence of blight, the inability to redevelop cleared areas, and the lack of economic integration is detrimental to the general welfare of the citizens of this state and the economic welfare of municipalities in this state," and in order to "promote the financial and social stability of housing for families and persons of low and moderate income . . . ." MCL 125.1401(1). The Legislature additionally determined "that it is a proper public purpose to prevent the erosion of the supply of existing low and moderate cost housing available for occupancy by certain persons with disabilities and elderly persons by taking appropriate action to prevent the displacement of those persons with disabilities and elderly persons from existing low and moderate cost housing . . . ." MCL 125.1401(2). These and many other purposes set forth in MCL 125.1401 clearly establish that the State Housing Development Authority Act arises not from the tax laws of this state, but from "the state's police power as part of the government's efforts to protect society's health and welfare . . . ." *Wikman,* 413 Mich at 635. Accordingly, appellants' claim to an exemption under MCL 125.1415a, payment in lieu of taxes, stems from the state's police powers, not its property tax laws. The Tax Tribunal properly recognized that it lacked jurisdiction in this case and properly dismissed this case for that reason. *Beattie,* 157 Mich App at 35.

Additionally, even if the majority were correct in concluding that the Tax Tribunal erred by ruling it

lacked jurisdiction, I would still affirm because appellant did not obtain certification of its exemption under MCL 125.1415a until 2007, the tax year at issue in this appeal. Petitioner could not have filed "the certified notification of the exemption with the local assessing officer before November 1 of the year *preceding* the tax year in which the exemption is to begin." MCL 125.1415a(1) (emphasis added). This Court will affirm a lower court when it reaches the correct result even if for the wrong reason. *Hess v Cannon Twp*, 265 Mich App 582, 596; 696 NW2d 742 (2005).

I would affirm.