# STATE OF MICHIGAN

# COURT OF APPEALS

MGM GRAND DETROIT LLC,

      Petitioner-Appellant,

v

CITY OF DETROIT,

      Respondent-Appellee,

and

DEPARTMENT OF TREASURY,

      Intervening Respondent-Appellee

UNPUBLISHED
August 22, 2017

No. 332000
Tax Tribunal
LC No. 15-004489-TT

Before: SERVITTO, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Petitioner, MGM Grand Detroit, LLC ("MGM"), appeals as of right the Final Opinion and Judgment issued by the Michigan tax tribunal (the "Tribunal") granting summary disposition in favor of respondent, City of Detroit ("the City"). We reverse and remand.

MGM is one of three casinos located in the City of Detroit. All three are similar and opened within a short time of each other, with MGM opening first. According to MGM, the City retained a consultant to assist its assessor's office in determining the taxable value of the three casinos. Also, according to MGM, the assessor's goal was to use a uniform method of assessment for all three casinos. MGM asserts that both it and the assessor believed that a uniform method was in fact used, but that in late 2014 MGM noted a marked disparity in its assessment compared with the other two Detroit casinos. MGM notified the assessor of the disparate treatment and requested that the overassessment be corrected from 2015 forward. MGM also filed a petition with the Tribunal asserting that a mutual mistake of fact between it and the assessor caused an overpayment of property taxes by MGM for the 2012-2014 tax years. MGM thus sought a refund of the overpayments and a redetermination of its property tax assessment.

The City moved for summary disposition pursuant to MCR 2.116(C)(8), in lieu of answering MGM's petition. It averred that MGM's claim relates to the application of a legal

-1-

principle which is not and cannot be a mutual mistake of fact, and that its claim regarding the uniformity issue was not timely raised.[1]  The Tribunal agreed that uniformity of MGM's property assessment was a legal issue, did not relate to a mutual mistake of fact, and was not timely filed therefore depriving it of jurisdiction.  It thus granted summary disposition in favor of the City.  This appeal followed.

"The standard of review of Tax Tribunal cases is multifaceted." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010).  Where fraud is not claimed, we review the Tax Tribunal's decision for misapplication of the law or adoption of a wrong principle. *Id*.  The Tribunal's factual findings are final and conclusive if they are supported by "competent, material, and substantial evidence on the whole record." *Id*. (citation omitted).  Any issue of statutory interpretation, however, is reviewed de novo. *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 102; 754 NW2d 259 (2008).  And, this Court reviews a decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2002).  "A motion brought under (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010).  Summary disposition on the basis of subrule (C)(8) should be granted only when the claim "is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998).

In addition, whether the Tribunal has jurisdiction is a question of law that we review de novo. *Kasberg v Ypsilanti Tp*, 287 Mich App 563, 566; 792 NW2d 1 (2010).  A court must be vigilant in respecting the limits of its jurisdiction, because any actions of a court regarding a matter over which it lacks jurisdiction are void. *Id*.  Thus, the Tribunal is duty-bound to dismiss a claim even if the defendant does not request it. *Elec Data Sys Corp v Twp of Flint*, 253 Mich App 538, 544; 656 NW2d 215 (2002).  "Indeed, having determined that is has no jurisdiction, a [Tribunal] should not proceed further except to dismiss the action." *Id*.

On appeal, MGM asserts that the Tribunal erred in finding that it had not pled a mutual mistake of fact under MCL 211.53a and that MGM's claim was instead a mistake of law.  We agree.

MCL 211.53a provides:

Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest.

---

[1] The Michigan Department of Treasury intervened as an interested party and concurred in the City's motion for summary disposition.

As set forth in MCL 211.53a, the Legislature has provided taxpayers with two situations in which a three-year limitations period applies: "(1) cases in which there is a 'clerical error' and (2) cases in which the assessing officer and the taxpayer made a mutual mistake of fact." *Briggs Tax Serv, LLC*, 485 Mich at 76–77. The term "mutual mistake of fact" is "a technical term that has acquired a peculiar meaning under the law." *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 439; 716 NW2d 247 (2006). "[A] 'mutual mistake of fact' is 'an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction.' " *Briggs Tax Serv, LLC*, 485 Mich at 77. Because MGM has not claimed a clerical error, there must have been a mutual mistake of fact for it to obtain relief under MCL 211.53a, "[t]hat is, it must be shared and relied on by the assessing officer and the taxpayer." *Briggs Tax Serv, LLC*, 485 Mich at 78. Absent a mutual mistake of fact, MGM must bring its claim within the general limitations period for tax disputes and its failure to do so deprives the Tribunal of jurisdiction to consider the petition, requiring dismissal of the action. MCL 205.735a[2]; *Elec Data Sys Corp v Twp of Flint*, 253 Mich App at 544.

MGM asserted in its petition that in 2007-2008 the assessor undertook a study with a stated goal of using a uniform method of assessment for all three casinos. MGM further asserted that it and the assessor believed that a uniform method would be used and that the assessments would be uniformly determined. According to MGM, it was not until 2014 that it learned that its casino was assessed at a much higher rate than the other two casinos and it further learned that the method of assessment had been overridden for the other two casinos, without explanation. MGM asserted that the "mutual mistake" was the belief by it and the assessor that the 2012-2014 assessments for all three casinos would be uniform, and this "mutual mistake" hinges upon the factual question of whether the assessment of its property was done in a way that was uniform with the other two Detroit casinos' assessments. Keeping in mind that a (C)(8) motion is to be decided on the basis of the pleadings alone and that Michigan is a notice pleading state[3], we are satisfied that MGM set forth a claim under MCL 211.53a.

We find guidance on this issue in *Ford Motor Co*, 475 Mich at 428–29. In that case the petitioner, Ford, filed a personal property statement with the appropriate taxing jurisdiction, and inadvertently misreported some of the information in its personal property statements. The assessors accepted and relied on Ford's personal property statements as accurate when calculating Ford's tax liability, and, because they did so, issued tax bills for amounts in excess of what would have been due had the statements been accurate. Ford paid the taxes, but later sought refunds under MCL 211.53a when it discovered the errors, claiming the excessive taxes were paid because of a mutual mistake of fact. Our Supreme Court found that Ford had, indeed, stated valid claims of mutual mistake of fact that were intended to be remedied under MCL

---

[2] MCL 205.735a(6) requires that petitions concerning the assessment dispute of commercial real property must be filed in writing on or before May 31 of the tax year involved.

[3] MCR 2.111(B)(1) provides that a complaint must contain a statement of facts which the pleader relies upon in stating the cause of action "with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend . . . ."

211.53a, because "Ford and respondents shared and relied on an erroneous belief about a material fact that affected the substance of the transactions." *Id*. at 429.

In the case at hand, MGM alleged that the assessor and MGM mutually (i.e., both) shared and relied on an erroneous belief that all three Detroit casinos would be assessed using a uniform method of assessment and the assessments would be uniform. MGM asserted that their mutual reliance on this belief later turned out to be a mistake, given that the assessed value of MGM's property is disparate with the assessed values of the other two Detroit casinos and the record sheets show a significant disparity for no known reason. MGM further asserted that the mistaken belief(s) affected the substance of MGM's assessment. These assertions qualify as allegations of a mutual mistake of fact sufficient to survive a summary disposition motion premised upon MCR 2.116(C)(8).[4]

Reversed and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

[4] The tribunal also erred when it went outside the pleadings in deciding a motion under MCR 2.116(C)(8). We are nevertheless mindful of the fact that little to no discovery has taken place in this matter. Discovery may very well shed light on whether the assessor did, in fact, hold the same belief as MGM, as alleged.

-4-