*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH E. COLLINS and RENETTA COLLINS,

        Plaintiffs-Appellees,

v

ANDERSON FORK LIFT MAINTENANCE
COMPANY, JD HI-LO TIRE COMPANIES,
ANDERSON LIFT MATERIAL HANDLING
COMPANY, and FORKLIFT TIRES OF EAST
MICHIGAN, INC.,

        Defendants,

and

SUPERIOR TIRE & RUBBER CORPORATION,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 363080
Wayne Circuit Court
LC No. 20-005488-NO

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In this action for negligence, breach of warranty, and loss of consortium, defendant, Superior Tire & Rubber Corporation ("Superior Tire"), appeals by delayed leave granted[1] the trial court's order denying Superior Tire's motion to reopen the case and set aside the default and default judgment. We vacate the default and default judgment and remand.

This case arises out of a forklift accident. Plaintiff, Kenneth E. Collins,[2] was operating the forklift when its right rear tire separated from and fell off of its wheel and hub, causing Kenneth

---

[1] *Collins v Anderson Fork Lift Maintenance Co*, unpublished order of the Court of Appeals, entered March 9, 2023 (Docket No. 363080).

[2] The claim of plaintiff Renetta Collins was a derivative claim for loss of consortium.

injury. Superior Tire is a corporation in the business of manufacturing industrial tires. Plaintiffs filed suit, and Superior Tire was not initially named as a defendant. After filing their initial complaint, plaintiffs sent requests for information to Superior Tire's human resources director asking if Superior Tire was responsible for the defective maintenance of the forklift tire. Superior Tire responded, asserting that it was not in the business of maintaining and repairing tires and had no responsibility for the accident.

Superior Tire was added as a defendant in plaintiffs' fourth-amended complaint. Plaintiffs sent the summons and complaint to Superior Tire by certified mail. The certified mail receipt was received and signed by an hourly employee of Superior Tire, who was not an officer, director, or manager of the corporation. Superior Tire did not answer the complaint.

The trial court entered a default and a default judgment for $1,000,000 based on Superior Tire's failure to appear or otherwise defend the matter. After receiving a writ of garnishment, Superior Tire moved to reopen the case and set aside the default and default judgment, which the trial court denied. This appeal followed.

Superior Tire argues the default and default judgment are void for lack of jurisdiction, and therefore the trial court should have set aside the default and default judgment under MCR 2.612(C)(1)(d). We agree.

"A court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process. . . ." *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (quotation marks, citations, and brackets omitted).

> A court must obtain personal jurisdiction over a defendant in order to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. The fundamental requisite of due process of law is the opportunity to be heard. . . . This right to be heard has little reality or worth unless one is informed that the matter is pending. . . . [*Id*. (quotation marks and citations omitted).]

"[T]he proper basis for vacating the default judgment where service of process was defective is that the defective service deprived the trial court of personal jurisdiction over the defendant and the trial court was, therefore, without legal authority to render a judgment (by default or otherwise)." *Dogan v Mich Basic Prop Ins Ass'n*, 130 Mich App 313, 320; 343 NW2d 532 (1983).[3]

---

[3] Cases decided before November 1, 1990 are not binding precedent but may be considered persuasive authority. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012); MCR 7.215(J)(1) (this Court "must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals.").

MCR 2.612(C) provides grounds for relief from judgment. Under MCR 2.612(C)(1)(d) "the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding" on the grounds that "[t]he judgment is void." In cases where the trial court "lacked personal jurisdiction over the defendant, but such jurisdiction was required for entry of a valid judgment[,] . . . the judgment is void and relief from it may be obtained at any time under MCR 2.612(C)(1)(d)." *Tindle v Legend Health, PLLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360861); slip op at 2 (BOONSTRA, J. concurring in part, dissenting in part), quoting 3 Longhofer, *Michigan Court Rules Practice* (5th ed), § 2612.8, p 505 (quotation marks omitted).

In this case, the trial court lacked jurisdiction over Superior Tire because Superior Tire was never properly served. MCR 2.105(D) provides four ways service of process may be made on a domestic or foreign corporation. Plaintiffs argue service was proper under MCR 2.105(D)(1) and MCR 2.105(D)(2). We disagree.

Under MCR 2.105(D)(1), service may be made by "serving a summons and a copy of the complaint on an officer or the resident agent." Under MCR 2.105(D)(2), service may be made by "serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation."

> [T]he court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. MCR 2.105(D)(1) and (2). If service is made by serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment, the plaintiff must also send a summons and complaint "by registered mail, addressed to the principal office of the corporation." MCR 2.105(D)(2). [*Bullington v Corbell*, 293 Mich App 549, 557; 809 NW2d 657 (2011).]

MCR 2.105(D)(1) was not satisfied because plaintiffs failed to personally serve an officer or registered agent. MCR 2.105(D)(2) has two prongs that must be met—a plaintiff must personally serve a "director, trustee, or person in charge of an office or business establishment of the corporation" and send the summons and complaint "by registered mail, addressed to the principal office of the corporation." MCR 2.105(D)(2) was not satisfied because plaintiffs failed to personally serve a director, trustee, or person in charge of an office or business establishment of the corporation.

Because Superior Tire was never properly served the summons and complaint, the trial court never obtained personal jurisdiction over Superior Tire. "[A]ny actions of a court regarding a matter over which it lacks jurisdiction are void." *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566; 792 NW2d 1 (2010). The default and default judgment are therefore void.

This conclusion renders moot Superior Tire's alternative argument that we should set aside the default and default judgment under MCR 2.603(D)(1). "An issue is moot if an event has occurred that renders it impossible for [this] [C]ourt to grant relief." *Attorney General v Pub Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005). It is unnecessary to consider whether good cause and a meritorious defense existed under MCR 2.603(D)(1) because the trial court lacked jurisdiction and the default and default judgment are void. See MCR 2.603(D)(1) ("A

motion to set aside a default or a default judgment, *except when grounded on lack of jurisdiction over the defendant*, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.") (emphasis added).

The default and default judgment entered against Superior Tire are vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola